## WILLIAM S. BRACKETT

*v.*

## THE PEOPLE *ex rel.* F. D. Weiennett.

*Filed at Ottawa November 14, 1885.*

1.  FORMER JUDGMENT—*in action prematurely brought—whether a bar to subsequent suit.* A judgment against a plaintiff because the action was prematurely brought, is not a bar to a suit subsequently brought, after the cause of action has properly accrued.

2.  So where application for a judgment upon a special assessment in respect to the improvement of a street in a city is denied, because after confirmation of the assessment the clerk of the court had failed to certify the assessment roll and the judgment of confirmation to the clerk of the city, whereby the warrant issued by the city clerk for its collection was void, the judgment of the county court refusing judgment is no bar to a subsequent application for judgment against the property for the same assessment, after the clerk of the court makes the proper certificate to the city clerk, and the latter issues his warrant in due form, the objection to the first application being thus obviated. In such case the lien of the special assessment will still continue upon the property assessed.

3.  JUDICIAL NOTICE—*as to official character of a person.* On application for judgment upon a special assessment against a lot of ground, the court will take judicial notice of the official character of the person to whom a warrant had been directed for the collection of such assessment.

4.  SPECIAL ASSESSMENT—*collector's return as a basis for his application for judgment.* The delinquent list or return of the county collector to the county court as a basis for an application for judgment against lots for unpaid assessments, is *prima facie* evidence that the amounts are due as therein stated, and the *onus* is on the objector to show their invalidity.

Appeal from the County Court of Peoria county; the Hon. L. W. James, Judge, presiding.

Messrs. Stevens, Lee & Horton, for the appellant.

Mr. Justice Scholfield delivered the opinion of the Court:

. This was an application by the collector of Peoria county, for a judgment against lot 2, in block 44, in Ballance's addition to Peoria, for judgment for the amount of a special assessment against that lot for the improvement of Depot street. Appellant appeared and filed the following objection to the rendition of judgment as asked by the collector:

"Now comes William S. Brackett, and shows to the court that said collector has given notice that on the first day of said term of court he will apply for judgment against lot 2, in block 44, in Ballance's addition to the said city of Peoria, in the sum of one hundred and two dollars, claimed to be due for the year 1883 on said lot, as a special assessment for the improvement of Depot street in said city, and also for costs and interest accrued thereon; and the said William S. Brackett further shows that he is the owner of and in possession of said lot, and as such owner thereof he objects to the rendition of said judgment against the owner, for the following reasons, viz: This objector shows that at the May term, 1884, of this court, the said collector applied for judgment against said lot for the said special assessment claimed to be then due against said lot for said year 1883; that this objector and one John Herschberger, the then tenant of this objector, at said term of court filed their objections to the rendition of the judgment against said lot for said assessment, and that afterwards, to-wit, at the June term, 1884, of this court, the said objections were heard and determined by this court in favor of this objector and said Herschberger, and the said application for judgment denied, as by the record and proceedings thereof still remaining in this court more fully and

at large appears, and that the judgment and order of this court thereon still remains in full force and effect, whereby this objector shows that said collector is concluded by the said judgment of this court, and is not entitled to any judgment against said lot for said assessment, or the interest and costs claimed to be due thereon. Wherefore this objector prays the judgment of this court," etc.

On the final hearing, evidence was introduced, and the court overruled the objections, and rendered judgment for the amount of the special assessment.

It was stipulated between the parties, on the hearing, that "this application was for the same special assessment made in 1883, for the improvement of Depot street, in the city of Peoria, and for which an application for judgment was made in this court, at the May term, A. D. 1884, thereof, and judgment denied therein at the following June term, upon the objections of said defendant as owner of the property, and of John Herschberger, as lessee thereof."

The objections which were thus sustained at the May term, A. D. 1884, were the following:

"*First*—That after the judgment was rendered in said court, confirming the report of the commissioners appointed therein to make said assessment, the clerk thereof failed to certify said assessment roll, and said judgment, to the clerk of said city of Peoria, wherein said improvement was being made, as required by law, and has not so certified it; that in consequence of the failure of said clerk to so certify said assessment roll and judgment, to said city clerk, the warrant issued by said city clerk to Richard Voris for the collection of said special assessment was void, and that the return made by said Richard Voris, as collector of said special assessment, to the county treasurer of said county, of the delinquent list in said assessment, was illegal and void, he having no authority to make said return; that the judgment rendered on said delinquent list, including said lot 2, and all subsequent pro-

ceedings thereon, are illegal and void, said court not having jurisdiction of the things embraced in said judgments and applications.

"*Second*—They show that judgment should not be rendered against said lot in said matter, for the reason that said county treasurer has not now, nor has ever had, proper control of said delinquent special assessment list, nor has the court jurisdiction over said list, as shown before to be void, sufficient to render a judgment against said lot, in said matters."

The collector was permitted to read in evidence, over appellant's objection, the assessment roll, and the judgment rendered in 1883, confirming the special assessment, the certificate of the clerk of the court certifying the same to the clerk of the city, bearing date February 4, A. D. 1885, a warrant in due form of law thereupon issued by the city clerk, bearing date February 12, A. D. 1885, directed to John Minor to execute.

Two questions are discussed in the printed arguments on file: First, was the judgment rendered on the application at the May term, A. D. 1884, a bar to the present proceeding? Second, ought the court to have required evidence of the official character of John Minor? Both questions, in our opinion, must be answered in the negative. The objections sustained at the May term, 1884, were applicable to the then condition of the record alone. Those defects were cured by the subsequent proceedings, and have no place in this record. The lien of the assessment was still continued, (1 Starr & Curtiss, p. 505, sec. 51,) and it was the undoubted duty of the officers to take the steps they did for the collection of the assessment. A judgment against a party because the action was prematurely brought, (and that, in effect, was the objection at the May term, A. D. 1884,) is no bar to a suit subsequently brought after the cause of action properly accrued. (See Freeman on Judgments, secs. 268, 269.) The court would take judicial notice of the official character of John Minor.

But apart from this, the return made by the county collector to the county court, as a basis for his application for judgment, is *prima facie* evidence that the amounts are due as therein claimed, and the *onus* is on the objector to show their invalidity. . *Pike* v. *The People*, 84 Ill. 80.

The judgment is affirmed.

*Judgment affirmed.*