# CHARLESTON.

HATTIE HORN *et al. v.* CITY OF CHARLESTON.

Sumbitted April 25, 1922.    Decided May 2, 1922.

LIMITATION OF ACTIONS—*City Paving Assessments May be Enforced in the Same Time as Mortgage Liens.*

The Common Council of the City of Charleston, acting under its charter, Chapter 152 Acts of the Legislature 1901, did certain street paving, assessed two-thirds of the cost to the respective owners of lots fronting on the portion of the streets so paved and had its assessment liens recorded in the county clerk's office.    Such liens partake of the nature of liens created by mortgage and may be enforced in the same time that mortgage liens may be enforced.

Appeal from Circuit Court, Kanawha County.

Action by Hattie Horn and others against the City of Charleston.    From a decree in favor of defendant, plaintiffs appeal.

*Affirmed.*

*A. M. Belcher,* for appellants.
*Donald O. Blagg,* for appellee.

MEREDITH, JUDGE:

Plaintiffs are the owners of a lot in the city of Charleston, fronting 50 feet on Bigley Avenue, which they acquired by deed, August 18, 1903.    An ordinance was adopted by the Common Council of the city providing for the paving of Bigley Avenue; the paving was done by the city or under its direction, and on October 20, 1904, two-thirds of the cost of the improvement was assessed against the owners of properties fronting on the improved portion of the avenue. Plaintiffs' special assessment was laid at $118.65 and was recorded in the clerk's office of the county court of Kanawha County in Trust Deed Book No. 26, page 181, on November 18, 1904.

Plaintiffs never paid the assessment and at July rules, 1919, filed their bill in equity to have the lien of the special assessment so recorded cancelled as a cloud on their title,

alleging two grounds: First, that the assessment so made is void because the council failed to comply with the statute or provisions of the city charter in enacting the ordinance for the paving and laying the assessments, and, second, that the lien, if valid, at the time of its creation, is now barred by the five-year statute of limitations.

The averments of the bill were denied by answer, the city insisting that the provisions of its charter with respect to the passage of the ordinance for the paving of Bigley Avenue and the laying of the special assessment were in every respect complied with, that its lien for plaintiffs'. assessment is not barred; that the five-year statute of limitations has no application; and by way of affirmative relief prayed for a sale of the plaintiffs' lot to satisfy its lien.

The cause was heard upon the pleadings,—bill, answer and general replication, and the court denied plaintiffs the relief prayed for, declared the city's claim to be a valid and subsisting lien against plaintiffs' premises, and referred the cause to a commissioner to ascertain the amount, including interest and penalties. From that decree plaintiffs appealed.

The only important question in the case is whether the city's lien is barred by the statute of limitations. The city's rights are dependent upon the provisions of its charter. When this paving was done and the assessment laid, the city was operating under Acts 1901, chapter 152. Section 27 in part provided:

"There shall be a lien upon all real estate within said city for the city taxes assessed thereon, including such penalties added thereto for non-payment thereof as are prescribed by this chapter, from the commencement of the year in which they are assessed. Said liens may be enforced by appropriate suit in any court of record in Kanawha County, provided such suit be instituted within five years from the time when said liens attach as herein provided. *But the foregoing limitation does not apply to or affect the time within which the liens provided for in the next succeeding section may be enforced.* The liens herein created shall have priority over all other liens except those for taxes due the State. Said

liens for city taxes and attendant penalties, as well as for improvement assessments, may also be enforced by certifying the same to the state auditor to be included with the state, county and district taxes in his list of delinquent lands sent down to the sheriff of said county for the taxes, interests, damages, costs and commissions due thereon."

Section 28 provided for street paving and for the levying of special assessments to pay two-thirds of the cost. The assessments were to be paid in four payments and,

"To each of said assessments remaining unpaid in the treasurer's hands on the days herein specified for the payment thereof, a penalty of ten per centum shall be added, and any assessment so remaining unpaid in the treasurer's hands shall be taken up by said finance committee on settlements had with him on those days, and thereupon said committee shall place said assessment with the penalty aforesaid added thereto in the hands of the city sergeant, to be treated and considered, *and payment thereof enforced in all respects, as herein provided for the collection of any other taxes due the city; and there shall be a lien therefor, the same as for such other taxes, which lien may be enforced the same as provided for other taxes.*"

The same section provided that a report of the assessments should be certified to the clerk of the county court of Kanawha County, who was required "to record and index the same in the proper trust deed book in the name of each person against whose property assessments appear therein", and that such liens should have priority over all other liens, except those for taxes due the state and city, and should be on a parity with other city taxes and assessments due the city.

It will be observed that section 27 says that the lien for taxes may be enforced by suit, if such suit is instituted within five years from the time the lien attaches, but it is expressly provided that "the foregoing limitation does not apply to or affect the time within which the liens provided for in the next succeeding section (that is, assessment liens) may be enforced." Section 28 provides for the *manner* of enforcing assessment liens but does not fix a time limit in

which they must be enforced. It simply says "and payment thereof enforced in all respects, as herein provided for the collection of any other taxes due the city; and there shall be a lien therefor, the same as for such other taxes, which may be enforced the same as provided for other taxes."

What is the nature of the assessment lien?

Under the statute it is made a specific lien on the lot abutting on the portion of the street improved. It is in this respect unlike a judgment lien which is a general lien and covers all the debtor's lands within the state. It takes priority over all former liens such as judgments, trust liens, mortgage liens, vendor's liens or equitable liens, in fact, liens of every character, except those for taxes due the state and city, and as to taxes and assessments due the city it is placed on an equality. It must be recorded in the books where trust deeds are recorded. It is provided that it may be enforced in a court of equity, a proceeding in the nature of a suit to enforce the lien of a mortgage. Considering all these provisions, it seems to us that such a lien partakes of the nature of a mortgage lien, with the city as mortgagee, and having the rights of a mortgagee for the enforcement thereof. Prior to the enactment of chapter 65, Acts 1921, a trust or mortgage or vendor's lien was never barred by the statute of limitations, but there was a presumption of payment after twenty years from the date of the maturity of the debt, which might be rebutted. The statute cited has changed that and fixes the bar at twenty years, whether the lien was then existing or thereafter created, but protects such liens then in suit or which might be entered in suit within two years thereafter. The charter of the city in force at the time the improvement was made and when the lien attached did not, either by express terms or by implication, fix a definite term in which the lien should be enforced; but being in the nature of a mortgage lien and enforceable in a court of equity, it seems that the lien should be governed as respects the time in which it can be enforced as liens created by mortgages are governed. *Eschbach* v. *Pitts*, 6 Md. 71; *Brackett* v. *People*, 115 Ill. 29, 3 N. E. 723; *Waterbury* v. *Schmitz*, 58 Conn. 522, 20 Atl. 606;

*Citizens State Bank* v. *Jess*, 127 Ia. 450, 103 N. W. 471; 2 Page & Jones, Taxation by Assessment, Sec. 1145.

Nor do we find that subsequent amendments of the city charter affect the rights of the city to enforce payment of this assessment lien. We are of opinion that defendant's lien is not barred by the statute of limitations; that it has not been satisfied, and that there is no error in the decree declaring it to be a valid and subsisting lien on plaintiffs' lot. We therefore affirm the decree.

*Affirmed.*