HORTON, Judge.
The appellants, who were plaintiffs below, seek review of a final decree in an action instituted by them to quiet title to certain real property as against special assessment liens levied more than twenty years ago against their property.
The chancellor found and determined that, as a matter of law, the City of Miami, pursuant to its charter, was not bound by any statute of limitations and all assessment liens of the. City of Miami, properly made, were liens until paid upon the property assessed.
The special assessment liens in this instance were made against property of the appellants in the years 1925, 1926 and 1927, respectively. More than thirty years has elapsed since the assessments were made and no action was taken by the City of Miami to enforce the assessments. The question posed to this court was whether or not special assessment liens more than twenty years old are enforceable. This question brings into focus the provisions of § 95.021, Fla.Stat., F.S.A., as well as the applicability, if any, of the provisions of § 95.28, Fla. Stat., F.S.A. Section 95.021, supra, provides :
*447 “The provisions of existing law, whether provided for in this chapter or any other chapter, whereby an action is barred if not commenced within twenty years, shall apply to any action by the state * * * or municipal corporation of the state.”
Section 95.28, supra, reads as follows:
“The lien of a mortgage or other instrument encumbering real estate (hereinafter referred to as mortgage), except mortgages and liens specified in § 95.32, shall terminate and no action or proceeding of any kind shall begin to enforce or foreclose the mortgage after the expiration of the following periods, unless an extension of any such period shall have been effected in the manner provided in § 95.29:
“(1) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of the mortgage, the period of limitation shall be twenty years after the date of such maturity.
“(2) If the final maturity of an obligation secured by a mortgage is not ascertainable from the record of the mortgage, the period of limitation shall be twenty years from the date of the mortgage.”
Section 56(Q) of the charter of the City of Miami, Chapter 10847, Special Acts, Laws of Florida, 1925, as amended, provides :
“Assessment constitutes lien; failure to pay installments. The said assessments shall constitute a lien upon the property so assessed from the date of the passage of the resolution ordering the improvement, of the same nature and to the same extent as the lien for general city taxes, and shall be collectible in the same manner and with the same penalties and under the same provisions as to the sale and forfeiture as city taxes are collectible. Collection of such assessments may also be made by the city by proceedings in a court of equity to foreclose the lien of assessments as a lien for mortgage is or may be foreclosed under the laws of the State * *
The appellants contend that the provisions of § 95.021, supra, are a limitation against the rights of the City of Miami to enforce liens for special assessments made more than thirty years ago. In the alternative, the appellants argue that if § 95.021, supra, does not apply, then the provisions of § 56(Q) of the charter of the City of Miami, supra, together with the provisions of § 95.28, supra, would place the lien of special assessments in the category of a mortgage lien and, therefore, limit their enforcement to a period of twenty years.
Under the provisions of the city charter, special assessments become a lien upon the property so assessed from the date of the passage of the resolution ordering the improvement.
The city contends that the special assessments continue as liens from the date of assessment until paid. It relies primarily on the opinion of the Supreme Court of this state in Ideal Farms Drainage District v. Certain Lands, 154 Fla. 554, 19 So.2d 234, wherein the Supreme Court of Florida was called upon to determine whether or not delinquent drainage taxes that were sought to be enforced against certain properties within the district were rendered unenforceable by the three-year statute of limitations contained in § 95.11(5) (a). The court held that the provisions of § 95.11(5) (a), as well as those contained in § 95.02, Fla.Stat., F.S.A., were not applicable in the face of the provision of § 298.41, Fla.Stat., F.S.A., which provides that all drainage taxes provided by that chapter “shall, from the date of assessment thereof until paid, constitute a lien of equal dignity with the liens for state and county taxes * * * upon all the lands against which said taxes shall be lev *448 ied as is provided in this chapter * * We conclude from our reading of this case and the analysis of other authorities on the subject, that the decision in the case at bar is not controlled by the principles announced in the Ideal Farms case.
An analogous set of facts was dealt with by the Supreme Court of West Virginia in Horn v. City of Charleston, 91 W.Va. 73, 112 S.E. 239, 240. There, a five-year statute of limitations was sought to be invoked against certain assessment liens that allegedly constituted a cloud on the title of the owners. Although the West Virginia court held under the particular circumstances of the case that the five-year statute of limitations was not a bar to the action, nevertheless, it observed that in the absence of a specific limitation statute, the statute limiting the enforcement of mortgage liens would apply. In so stating, the court used the following language:
“The charter of the city in force at the time the improvement was made and when the lien attached did not, either by express terms or by implication, fix a definite term in which the lien should be enforced; but, being in the nature of a mortgage lien and enforceable in a court of equity, it seems that the lien should be governed as respects the time in which it can be enforced as liens created by mortgages are governed.”
We conclude and hold that the provisions of § 95.021, supra, should apply where no other expressed provisions have been provided for in limitation of the right to enforce a special assessment lien. We do not feel it amiss to observe that where the city charter, by its expressed terms, has treated its special assessment liens and classified them on a parity with, or similar to, a mortgage lien and provided the same remedy for the foreclosure of such liens as is provided in equity for the foreclosure of mortgage liens, that the provisions of § 95.28, supra, would also apply. In City of Knoxville v. Gervin, 169 Tenn. 532, 89 S.W.2d 348, 350, 103 A.L.R. 885, the Supreme Court of Tennessee was likewise faced with a situation much similar to the facts in the case at bar. There, certain street paving assessments were levied and no specific statute of limitations had been provided for the period of time in which such liens could be enforced. However, the state of Tennessee had a general statute of limitations which in part provided that “ ‘all other cases not expressly provided for, shall be commenced within ten years after the cause of action has accrued.’ ” Code 1932, § 8601. Another Tennessee statute, also a part of their general statute of limitations, provided, “All civil actions, other than those for causes embraced in the preceding article, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided. * * * ” Code 1932, § 8592. In holding that their ten-year statute of limitations, in the absence of any specific statute, was controlling, the court observed:
“It would be an extraordinary result if the statutes were held to provide some period of limitations for all forms of taxation and for all other actions of every kind, except special assessments, and to leave untouched suits to enforce liens for special assessments.
“We therefore hold that a suit by a municipality to enforce the collection of special assessments is subject to the limitation of ten years provided by section 8601 in ‘all other cases not expressly provided for.’ This provides for the lien of special assessments the same period of limitation that is fixed for equitable liens on realty or liens of mortgages, etc., by section 8590 of the Code, a lien to which the one sued on is very analogous — indeed, so similar that *449 some courts have said a statute barring mortgage liens is applicable to special assessments. See Horn v. City of Charleston, 91 W.Va. 73, 112 S.E. 239; Mayor, etc., of City of New York v. Colgate, 12 N.Y. 140; Dickinson v. City of Trenton, 35 N.J.Eq. 416, 418.”
On the general proposition of limitation, we observe that statutes of limitation are generally looked upon by the courts with favor as statutes of repose. If, as the ap-pellee contends, no statute of limitations is applicable to special assessment liens, then such liens, would, in effect, be raised to a greater dignity than the "lien of general ad valorem taxes which have a constitutional origin for their authority. It was only through legislative enactment that special assessments were raised to equal dignity with assessments for ad valorem taxes. We do not believe that the law should permit, or that the legislature intended, special assessment liens to be given life in perpetuity when all other actions, causes of action, and the enforcement of other tax liens are governed by statutes of limitation. Liens for ad valorem taxes assessed by the state and county, when converted into tax certificates by sales authorized and required[1] under appropriate state statutes, are unenforceable after twenty years under the provisions of .§ 196.12, Fla.Stat., F.S.A. The same applies to municipal taxes in the absence of charter provisions where tax certificates have been issued for the non-payment of ad valorem taxes assessed by a municipal corporation. See § 167.46, Fla.Stat., F.S.A.
We conclude that the able chancellor was in error when he concluded as a matter of law that appellee was not bound by a statute of limitations in the enforcement of its special assessment liens.
Accordingly, the decree appealed is reversed, and tthe cause is remanded for the entry of a decree not inconsistent with the views herein expressed.
Reversed and remanded.

. § 193.51, Fla.Stat., F.S.A.