B. F. GOULD, Trustee, and in his own right, and
CHARLES MARSHALL, Assignee of B. F. GOULD
*vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Limitations as to the Collection of Taxes in the City of Balti-
more—Construction of the ·Act of 1861, ch. 94, relating
thereto, and the effect thereon of the Act of 1874, ch. 218—
Difference between a General tax, and an Assessment for
Opening a Street—The nature of such Assessment as affecting
the right to have it paid out of Funds arising from the sale
of other property than that benefited by the Opening of the
street.*

An assessment made upon the owner of adjacent property, to defray
the expenses incident to paving streets, is not a tax within the
meaning of the Act of 1861, ch. 94, the collection of which must
be enforced within the period of four years from the levying of
the same.

The right to make such assessment is undoubtedly an exercise of
the *taxing power*, but an assessment thus made differs from a gene-·
ral tax levied for State and city purposes.

The Act of 1874, ch. 218, which authorizes the city authorities to
provide by ordinance for the collection of such assessments " as
other city taxes are collected," does not remove this distinction,
no ordinance having been passed providing that the collection of
such assessments shall be made within a certain prescribed time.

After an assessment was made upon the estate of a deceased person
to defray the expenses incident to the opening of a street, the
property benefited by the improvement was sold by trustees, and
the proceeds arising from the sale were brought into a Court of
equity to be distributed among the parties entitled under the will
of the deceased.    Demand was made upon the trustees for the pay·
ment of the assessment before any distribution was made.    HELD:

1st. That the assessment was a debt due by the estate of the deceased.

2nd. That the fact that the trustees subsequently distributed part of
the proceeds of sale of the property benefited by the improvement

among the parties entitled under the will, was no reason why a fund afterwards in Court for distribution by said trustees among the same parties arising from the sale of other property of the deceased, should not be subjected to the payment of the assessment.

APPEAL from the Circuit Court of Baltimore City.

The appeal in this case was taken from an order of the Court below, (DOBBIN, J.,) ratifying an auditor's report and account. In the account the appellee was allowed its claim for an assessment upon the estate of Alexander Gould deceased, to defray the expenses of opening Hanover street. Subsequent to the assessment, the property of the deceased on Hanover street, benefited by the improvement, was sold by the trustees under the will of the deceased, and part of the fund arising from the sale was, after notice to the trustees of the appellee's claim, distributed among the parties entitled under the will of the deceased. The fund distributed in the present account, and out of which the appellee's claim was allowed, was the result of sales of property on other streets. The claim was excepted to by the appellants on the ground that said claim was unfounded and was not collected within the period of four years from its becoming due.

The cause was argued before MILLER, STONE, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*Charles Marshall*, for the appellants.

*John P. Poe, City Counsellor*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The Act of 1861, chap. 94, provides, that "all taxes which may be levied in the city of Baltimore, shall be collected within four years from the levying of the same; and the collection of taxes shall not be enforced by law after the lapse of said four years."

The question on this appeal, is whether an assessment made upon the owner of adjacent property to defray the expenses incident to paving streets, is a tax within the meaning of this Act, the collection of which must be enforced within the time prescribed by the statute.

The right to make such assessments is undoubtedly an exercise of the *taxing power*, but an assessment thus made differs from a general tax levied for State and city purposes. The latter is a tax imposed on all persons within the territorial limits according to the value of their property, in consideration of the protection, which the government affords alike to all. A local assessment, on the other hand, is a tax levied occasionally as may be required upon a limited class of persons interested in local improvement, and who are presumed to be benefited by the improvement over and above the ordinary benefit, which the community in general derive from the expenditure of the money. In the payment of the assessment thus made, the adjacent owner is supposed to be compensated by the enhanced value of his property, arising from the improvement. And hence, it has been uniformly held that the word taxes, whether used in an Act of the Legislature, or the charter of a company exempting it from taxation, does not embrace such local assessments, unless there be something in the statute or charter to indicate such an intention. *In re Mayor, &c. of New York,* 11 *John.,* 77; *Pray vs. The Northern Liberties,* 31 *Penna.,* 69; *Bridgeport vs. N. Y. & N. H. R. R. Co.,* 36 *Conn.,* 255; *People vs. Mayor of Brooklyn, N. York,* 4 *N. Y.,* 424.

In the *Greenmount Cemetery Case,* 7 *Md.,* 517, where the company was by its charter exempted from the payment of " *any tax or public imposition whatever,*" it was held that a tax imposed for paving a street in front of the property of the Company was not embraced in the exemption.

We find nothing in the Act of 1874, chapter 218, to support the appellants' contention. It merely authorizes

the city authorities to provide by ordinance for collecting such assessments, "as other city taxes are collected." No ordinance, however, has been passed, providing that the collection of such assessments shall be made within a certain prescribed time. We are of opinion, therefore, that the claim of the appellee is not barred by the statute.

Another objection is urged against the claim, on the ground, that the proceeds arising from the sale of the property *benefited by the improvement,* has been distributed. The assessment however, was a debt due by the estate of the late Alexander Gould; this estate was subsequently sold by trustees, and the proceeds arising from the sales were brought into a Court of equity, to be distributed among the parties entitled under his will. Demand was made upon the trustees for the payment of the assessment before any distribution was made, and the fact that they subsequently distributed part of the proceeds of sale, among the parties entitled under the will, even though such proceeds may have been derived from the sale of the property benefited by the local improvement, is no reason why the fund now in Court for distribution among the same parties, should not be subjected to the payment of the appellee's claim.

For these reasons, the order of the Court ratifying the auditor's account will be affirmed.

.        *Order affirmed.*