CITY OF GALVESTON v. GUARANTY TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Fifth Circuit. March 19, 1901.)

No. 968.

1. STREET RAILROADS—SPECIAL ASSESSMENT—MUNICIPAL TAX—LIMITATIONS.

A special assessment against a street-railroad company for improving the portion of the street occupied by its track is not a tax, within Rev. St. Tex. art. 5212b, prohibiting a delinquent municipal taxpayer from pleading limitations against the payment of "any taxes" due from him to the city.

2. SAME—ACTION BASED ON WRITTEN CONTRACT—LIMITATIONS.

Rev. St. Tex. arts. 3354–3356, provide that there shall be commenced and prosecuted, within two years after the cause of action accrues, and not afterwards, all actions for debts not evidenced by contracts in writing, and a longer time is fixed for debts founded on written contracts. *Held*, that the charter of a city railroad company, which authorized it to construct and operate its lines under such conditions and ordinances as the city might provide and impose, was not a contract in writing within such statute, on which a special assessment against the company for a street improvement, subsequently authorized by the legislature, was founded, as the contract mentioned by the statute is a contract between the parties, and the city was not a party to the company's charter, which was solely between the latter and the state, and hence the two-years limitations applied to actions for such assessments.

3. SAME—ACCRUAL OF CAUSE OF ACTION.

A cause of action against a city street-railroad company on a special assessment for a street improvement accrued, within the meaning of the statute of limitations, when the improvement was completed and accepted by the city council, as the city charter expressly provides that assessment for such improvements shall become due at that time.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

Jas. B. Stubbs, for appellant.

J. T. Davies, R. S. Lovett, Brainard Tolles, John D. Rouse, Wm. Grant, and W. S. Hunt, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. This is an appeal by the city of Galveston, as an intervener, in the suit of Guaranty Trust Co. of New York v. Galveston City R. Co. (one branch of which has just been disposed of by this court, No. 969 on the docket of the court) 107 Fed. 311. In addition to the facts set forth in that case, and which need not be repeated here, it may be stated that the intervener claimed that the said railroad company was indebted to it for one-third of the cost of grading, filling, and paving certain streets and avenues in the city of Galveston upon which the railroad company

had its track, and that the debt was secured by a lien upon the company's property and franchises and their proceeds, in the custody of the court, prior·in time and right of payment to the other liens asserted in the suit. This claim was based mainly upon the requirement in the railroad company's act of incorporation and its amendment of October 8, 1866, and February 9, 1891, which provide that "said company shall construct, equip and run said railroads upon the streets within the limits of said city, under such conditions and ordinances as the mayor and aldermen of said city may provide and impose," and upon the authority which the city had, under the laws of Texas and under its charter, to collect from the railroad company a part of the expense of improving the streets which it used and occupied with its lines. The city's charter gives the council of the city the exclusive control and power over its streets and highways. In 1887 it was amended by authorizing the council to regulate, control, and direct the construction of street-railway tracks, and, among other things, "to compel street-railway companies to pay the actual cost of filling and grading, or filling, grading and paving the streets between their rails in all cases where the same may be filled and graded, or filled, graded and paved by the city." On March 31, 1891, and after the railroad company had effected the last amendment to its charter, and after it had constructed and was operating its railroad, the charter of the city was changed so as to· enlarge the liability of street-railway companies, and·to require·them to pay one-third of the cost of paving or otherwise improving any street or avenue upon which they owned or operated a railway, and a lien against the roadbed, ties, rails, fixtures, rights, and franchises of such companies was authorized to be fixed and imposed to secure such improvements. The intervention was referred to the master, who reported fully and at length the material facts, and found that the city's claim was barred by the statute of limitations of two years, and for that reason the city was not entitled to recover. The counsel for the intervener contended that the defense of limitation should not prevail, because its claim was in the nature of a tax imposed by the city upon the railroad company, and the Revised Statutes of Texas provide that no delinquent taxpayer shall have the right to plead in any court any statute of limitation by way of defense against.the payment of any taxes due by him to the city, etc. Article 5212b, Rev. St. Tex. The master held that the phrase "any taxes," employed ·in the statute, did not extend to or embrace assessments such as are claimed in this suit. The city excepted to the master's report. The exceptions were overruled, and the city appealed.

The specifications of error assigned are that the court erred in holding that the assessments claimed were not taxes, within the·meaning of article 5212b, Rev. St. Tex.; and that the court erred in holding that the claim was barred by the statute of limitations of two years.

A part of the claim sued on accrued December 7, 1893, the balance April 1, 1895, and the intervention was filed November 10, 1897. The assessments sued for in this intervention were not taxes, within the meaning of article 5212b, Rev. St. Tex.; Higgins v. Bordages,

88 Tex. 458, 31 S. W. 52, 803; Taylor v. Boyd, 63 Tex. 533; Allen v. City of Galveston, 51 Tex. 302; Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289. The Texas statutes of limitations provide, among other things, that there shall be commenced and prosecuted, within two years after the cause of action shall have accrued, and not afterwards, all actions for debt where the indebtedness is not evidenced by a contract in writing; and that all actions for debt, where the indebtedness is evidenced by or founded upon any contract in writing, shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterwards. Rev. St. Tex. arts. 3354–3356.

The counsel for the appellant concedes that, if the indebtedness here claimed is not evidenced by, or founded upon, a contract in writing, then the statute of limitations of two years applies. But his contention is that it is evidenced by, or founded upon, a contract in writing, in that the charter of the railroad company provided that "said company shall construct, equip and run said railroads upon the streets within the limits of said city under such conditions and ordinances as the mayor and aldermen of said city may provide and impose," and while the claim may not be evidenced, as to amount, by the charter of the company, it is founded upon it, and said charter is a contract in writing.

While the charter of the company was a contract, it was such only between the state and the company, and its subject-matter was the franchises and rights which the company were authorized to exercise under it. The city was not a party to it. By the terms of its charter, the company undertook to comply with the conditions and ordinances which the city council may prescribe, but at that time the city had no legislative authority to improve its streets, and assess the railroad company with one-third of the cost of the improvements. The city subsequently obtained legislative authority to make such improvements, and to assess one-third of the cost thereof to any railroads using the streets. Under this authority, by subsequent ordinances, it improved the streets on which this railroad company was operating, and assessed one-third of the cost to the company, but we are unable to see how such assessment became a debt evidenced by, or founded upon, a "contract in writing"; the contract being the charter of the company granted by the state, to which the city, as we have said, was not a party. The contract in writing mentioned in the statute is a contract between the parties; those occupying towards each other a contract status,—a "privity." The debt mentioned in the statute as a debt evidenced by a contract in writing is one proved by an instrument in writing importing on its face the existence of the debt, and a debt founded upon a contract in writing is one for the establishment of which such contract is essential. In our opinion, the assessment debt in question bears no such relation to the charter of the railroad company.

Under the city's charter, all assessments for street improvements became due "whenever and as soon as such improvements are completed and accepted by the city council." It appears that they were completed and accepted, and the assessment in this case made, more

than two years before this suit was brought. Our opinion is the cause of action then accrued, that it was an open unliquidated claim, and that it was barred before this suit was commenced. Lewis v. Houston, 11 Tex. 642. The decree of the circuit court is affirmed.