## ST. PAUL BUILDING COMPANY *v.* MAYOR AND CITY COUNCIL OF BALTIMORE.

*Paving Assessments—Action to Collect—Limitation Provision— Applicability of Tax Statute—City Ordinance.*

A city ordinance providing that paving assessments shall be collected "in the same manner as taxes on real estate are collected," and that the city collector shall have the "same remedies" for their collection as are provided for the collection of ordinary taxes upon real estate, did not render applicable to a suit to collect such an assessment the provision of Code, art. 81, sec. 93, requiring taxes to be collected within four years after they are levied.                                        p. 687

"Remedy" being merely the means employed to enforce a right or redress an injury, and the idea of time restriction not being inherent in the legal conception of a remedy, the fact that an ordinance gave the same remedies for the collection of paving assessments as were provided for the collection of taxes did not make applicable to the collection of such assessments the statute of limitations provided with reference to the collection of taxes.                                  p. 688

*Decided January 21st, 1926.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by the St. Paul Building Company against the Mayor and City Council of Baltimore and others. From an order sustaining a demurrer to the bill, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Randolph Barton, Jr.,* and *William R. Semans,* with whom was *Jesse N. Bowen* on the brief, for the appellant.

*Charles C. Wallace,* Assistant City Solicitor, with whom was *Philip B. Perlman,* City Solicitor, on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The collection of county or city taxes is required by law to be made within four years after they are levied, otherwise the defense of limitations may be interposed. Code, art. 81, sec. 93. In Ordinance No. 266 of the Mayor and City Council of Baltimore, relating to the reimbursement of the city for the expense of paving sidewalks, are provisions that the cost of such work shall be assessed against the owners of the abutting properties, and shall be collected "in the same manner as taxes on real estate are collected," that the assessments shall be liens on the properties from the time when the work was completed, that "the city collector shall have the same remedies for the collection of said assessments and interest as are provided for by law or ordinance for the collection of ordinary taxes upon real estate," and that "in addition to the remedy provided," in the clause just quoted the city shall have authority to collect the cost of the work from the abutting property owners "by suit or action at law." In 1917 the appellant was assessed by the city for the expense of repairing the sidewalk adjacent to its property, and has since periodically received bills for the amount of the assessment, but payment has been refused because of the appellants' belief that the work was unnecessary. The assessment when made was not contested by the methods of objection and appeal for which the ordinance provided, as the published notice of the assessment proceeding did not come to the appellant's attention. But after the city collector, in October, 1924, notified the appellant that its property would be sold to pay the assessment unless the amount due thereon were paid within thirty days, the bill of complaint in this case was filed, for the purpose of having the action to enforce the assessment prevented by injunction. A demurrer to the bill was sustained and this appeal has resulted.

No question is raised as to the validity of the ordinance or of the assessment as originally made, or as to the constructive effectiveness of the published notice, for the purposes of the lien, in view of the decision in *General Dispensary v.*

*Baltimore,* 143 Md. 527. But the enforcement of the city's claim is sought to be restrained on the ground that it is barred by limitations, as more than four years have elapsed since the completion of the work to which it pertains. While there is no period of limitations mentioned in Ordinance No. 266, and no statute prescribes in terms a limit of time for the collection of paving assessments in Baltimore, yet as the ordinance provides that they shall be collected "in the same manner as taxes on real estate are collected," and authorizes the use of "the same remedies" as are provided by law for the collection of such taxes, and as those remedies must be pursued within four years after the taxes are levied, it is urged that the same limitation should apply to the execution of the paving lien.

In *Gould v. Baltimore,* 59 Md. 378, it was held that assessments for the cost of paving are not taxes within the meaning of the statute providing that taxes shall be collected within four years after being levied. It was further decided that an act authorizing the city to collect paving assessments "as other city taxes are collected" did not subject the assessments to the defense of limitations allowed by the tax statute, and that the paving claim there in dispute was not barred after the lapse of four years, since no ordinance had been passed which provided that such claims should be enforced within that time. Similar rulings have since been made in *Moale v. Baltimore,* 61 Md. 224, and *Fairmount Corporation v. Baltimore,* 145 Md. 391. The present case cannot be distinguished from those just cited, with respect to the question now being considered, unless a provision that paving assessments shall be collectible "as other city taxes are collected" can be said to differ materially in meaning and effect from provisions authorizing the recovery of such assessments "in the same manner as taxes on real estate are collected," and giving "the same remedies" to that end as are available for the collection of taxes on real property. The phrases quoted would ordinarily be construed as having the same significance. Authority to collect "as other city taxes

are collected," or "in the same manner as taxes on real estate," is the power to use the "remedies" provided by law for defaults in tax payments. There is no difference in the legal effect of those terms. All indicate with equal certainty that the existing means of collecting taxes shall be available for the recovery of assessed paving expenses. Since it has been definitely decided that a provision for collecting such claims "as other city taxes are collected" does not bring the assessments within the purview of the statute of limitations applicable to taxes, we see no reason to attribute such a purpose to the equivalent clauses in the ordinance now being construed.

It was argued that as the ordinance had already authorized the collection of the assessments "as taxes on real estate are collected," the provision for the use of "the same remedies" as the law made available for the collection of taxes on real estate was intended to have a broader meaning than the phrase first used, which was more nearly identical in form with the one held in *Gould v. Baltimore, supra,* to be insufficient to make the tax statute of limitations applicable in that case. If it had been the purpose of the Mayor and City Council to apply the limitations of that statute to the recovery of paving assessments, it is reasonable to believe that the simple words necessary to express such an intention would have been employed. The omission to use such terms, especially after the decision in the *Gould* case, was hardly consistent with a design to subject assessment claims under the ordinance to the limitations here invoked. The use of the two expressions we have quoted is not a sufficient reason for construing either of the clauses as having a specific meaning beyond that which its terms convey.

In regard to its legal use the word "remedy" is defined the "means employed to enforce a right or redress an injury." *Bouvier's Law Dict.,* 34 Cyc. 1201. The idea of time restriction is not inherent in the legal conception of a remedy. It is not essential to the existence and application of a remedy that it shall be made available for only a limited period.

Statutes of limitation are usually enacted independently of the right of action laws to which they relate. Remedies are provided for persons needing redress, while the privilege of pleading limitations, after a special lapse of time, is accorded to those by whom recovery is resisted. The defense of limitations is not an element of the right of action. In our opinion, therefore, the provision of Ordinance No. 266 of the Mayor and City Council of Baltimore, that the city collector shall have the same remedies for the collection of paving assessments as are prescribed by law for the collection of taxes on real estate, does not have the effect of making the statute of limitations as to taxes apply to proceedings like the one here sought to be enjoined.

*Order affirmed, with costs, and case remanded.*