## CITY OF CISCO v. VARNER et al.
### (No. 1064—5281.)

Commission of Appeals of Texas, Section B.
April 24, 1929.

Butts & Wright, of Cisco, for plaintiff in error.

Owen & Owen and W. H. McDonald, all of Eastland, for defendants in error.

LEDDY, J. The only question presented for our decision is whether the defense of limitation is available to a property holder who is sued by a city or town to recover the amount of an assessment made by such municipality to cover the cost of paving a street adjacent to property owned by her.

It is insisted that in such a suit the amount sought to be recovered is a tax within the meaning of article 7298, R. S. 1925, to which the statute of limitation has no application. This article of the statute reads as follows:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state, or any county, city or town."

The above statute is a part of the chapter making provision for the collection of delinquent ad valorem taxes, and, in our opinion, has no application to suits of this nature.

Our courts have repeatedly held that an assessment made for a local improvement is not a tax within the meaning of various constitutional provisions. Higgins v. Bordages, 88 Tex. 458; 31 S. W. 52, 803, 53 Am. St. Rep. 770; Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884; Taylor v. Boyd, 63 Tex. 533; Allen v. City of Galveston, 51 Tex. 302.

The question as to whether a person owing an assessment for street paving on which his property abuts is a delinquent taxpayer within the meaning of the foregoing statute has not heretofore been directly determined by our courts. This statute, however, was construed by the Circuit Court of Appeals in the case of City of Galveston v. Guaranty Trust Co. of New York, 107 F. 325, 46 C. C. A. 319. It was there decided that the defense of limitation was available in a suit to enforce a paving assessment. In passing on the question, the court said:

"The assessments sued for in this intervention were not taxes, within the meaning of Article 5212B, Rev. St. Tex."

The holding in this case was approved by the Supreme Court of the United States by the denial of a writ of certiorari. 183 U. S. 695, 22 S. Ct. 932, 46 L. Ed. 394.

So far as we have been able to ascertain, wherever the question has been presented, such assessments have been held not to be a tax within the meaning of the statute of limitation fixing the time for enforcing the collection of taxes. 2 Page & Jones on Taxation by Assessments, p. 1849, § 1164; City of Hartford v. Mechanics' Savings Bank, 79 Conn. 38, 63 A. 658; Gould v. Mayor, etc., of City of Baltimore, 59 Md. 378; City of Galveston v. Guaranty Trust Co., of N. Y., supra.

The reason for the distinction made between ad valorem taxes and special assessments is very clearly pointed out by the Supreme Court of Maryland in Gould v. Mayor etc., of Baltimore, cited above, wherein the court said:

"The question on this appeal, is whether an assessment made upon the owner of adjacent property to defray the expenses incident to paving streets, is a tax within the meaning of this act, the collection of which must be enforced within the time prescribed by the statute.

"The right to make such assessments, is undoubtedly an exercise of the taxing power, but an assessment thus made differs from a general tax levied for state and city purposes. The latter is a, tax imposed on all persons within the territorial limits according to the value of their property, in consideration of the protection, which the government affords alike to all. A local assessment, on the other hand, is a tax levied occasionally as may be required upon a limited class of persons interested in local improvement, and who are presumed to be benefited by the improvement over and above the ordinary benefit, which the community in general derives from the expenditure of the money. In the payment of assessment thus made, the adjacent owner is supposed to be compensated by the enhanced value of his property, arising from the improvement. And hence, it has been uniformly held that the word taxes, whether used in an act of the legislature, or the charter of a company exempting it from taxation, does not embrace such local assessments, unless there be something in the statute or charter to indicate such an intention. In re Mayor, etc., of New York, 11 Johns. 77; Pray v. The Northern Liberties, 31 Pa. 69; Bridgeport v. N. Y. & N. H. R. Co., 36 Conn. 255 [4 Am. Rep. 63]; * * * Greenmount Cemetery Case, 7 Md. 517."

The conclusion reached by us is not in conflict with the case of Celaya v. The City of Brownsville (Tex. Civ. App.) 203 S. W. 153. The holding there made is based upon the clear intention of the Legislature to apply a specific provision of the statute to special assessments made for improvements of streets. In this case the statute relied upon contains no specific language evincing an intention to apply the provisions thereof to assessments of this character. Moreover, the inclusion of this statute in the chapter making provision for the collection of delinquent ad valorem taxes is at least persuasive that it was intended to apply only to such taxes.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.