PUMPHREY *v.* COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY ET AL.

[No. 130, October Term, 1956.]

**538**

*Decided March 15, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Thomas J. Wohlgemuth,* with whom were *McWilliams, Evans & Melvin,* on the brief, for appellant.

*Malcolm B. Smith,* with whom was *Marvin I. Anderson,* on the brief, for appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order sustaining a demurrer to appellant's, complainant's, bill of complaint without leave to amend, and dismissing that bill.

The bill of complaint alleges substantially that the plaintiff is the owner of a tract of land in the Third Election District of Anne Arundel County, a part of which is improved by thirty dwelling houses, all of which are rented by the complainant to tenants either on short term leases or on a month to month basis. Chapter 716, of the Acts of 1953 of the General Assembly, repealed Section 238 of the Code of Public Local Laws of Anne Arundel County (1947 Edition), Article 2 of the Code of Public Local Laws of Maryland (1930 Edition), and enacted in lieu thereof a new Section 238. Section 238(A) provides:

"The County Commissioners of Anne Arundel County are hereby authorized to establish garbage

zones within each of the several election districts of the county except the Sixth Election District (City of Annapolis). The County Commissioners are further authorized to establish schedules of service charges to be made to each household or commercial unit for the removal of garbage, ashes, trash and other waste matter. These unit service charges shall be sufficient to defray the cost of removal of said garbage, ashes, trash and other waste matter in each established garbage zone. Said service charges shall be levied and collected as county taxes now are, or may hereafter be, by law levied and collected, and shall have the same priority rights, bear the same interest and penalties and in every respect be treated the same as county taxes. The County Commissioners are further authorized to have this removal made by county employees or to contract for said removal by an independent contractor or contractors for such periods and upon such terms as they may establish."

Pursuant to the aforesaid statute the County Commissioners of Anne Arundel County, (the Commissioners), without any notice to the plaintiff, directed the Treasurer and Collector of Taxes of Anne Arundel County, (the Treasurer), to include in complainant's 1954 tax bill a charge of $111.00 under the heading "Special Taxes", sub-heading "Garbage Zone". Plaintiff protested and paid said charge under protest. When he received his 1955 tax bill the item "Special Taxes", sub-heading "Garbage Zone", had increased to $403.00. He had received no notice of any increase nor had he any knowledge of the reasons therefor. He renewed his protest and paid all of his taxes except said garbage tax, which he still protests and refuses to pay. He consulted counsel and was advised that under the aforesaid Act of 1953, there is no legal basis for charging the landlord rather than the tenant for the collection and disposal of garbage, since the tenant receives the benefit and the act requires the charge to be made to each household. Pursuant to his instructions, his counsel wrote a letter of protest to the Commissioners. That letter, filed as an

exhibit with the bill, states that the plaintiff protests the charge made for garbage disposal. He has paid the State and County taxes for 1955 but he refuses to pay the other charges. He rents all of the thirty small dwelling houses. He obtains no benefit from the collection and disposal of the garbage. He took no part in requesting the County to provide the service. These charges should be collected from his tenants. The letter also requested that the 1956 bill for garbage be cancelled and that bills in the proper amounts be forwarded to the tenants who occupy the houses.

The bill further alleges that plaintiff received his 1956 tax bills shortly after January 1, 1956, and the item "Special Tax Total" on the bill relating to the aforesaid property is in the amount of $396.40. On January 26th he went to the Treasurer's office to pay all of his 1956 taxes except said garbage tax, which he continues to protest. The Treasurer refused to accept any payment whatever unless the plaintiff would agree to pay the entire 1956 tax bill and the balance claimed to be due on the 1955 tax bill as well. It is also alleged that the plaintiff is advised and he believes and therefore alleges that neither the Commissioners nor the Treasurer has either the right or the power to charge him for the cost of collecting garbage from his tenants. Plaintiff did not request said service, he was not consulted about it and he enjoys no benefit resulting therefrom. Plaintiff further alleges that the attempt to exact said charges from him under the guise of taxation is illegal, discriminatory, unconstitutional and void, and should not be allowed merely because it is more convenient for the defendants to collect from the plaintiff instead of from the individual tenants. Plaintiff further alleges that the refusal of the Treasurer to accept the payment of taxes, not only on said property but on other properties as well, subjects the plaintiff to the payment of penalties and prevents the recording and transfer of any parcels of land which he may sell. The illegal actions of the defendants are causing the plaintiff irreparable loss and damage and he has no adequate remedy at law.

Plaintiff asks that Chapter 716, of the Acts of 1953, be declared to be null, void and of no effect; that the defendants,

their agents, servants and employees may be restrained and enjoined from collecting or attempting to collect from the plaintiff the cost or any part of the cost of collecting and disposing of trash and garbage from any persons other than the plaintiff; and that the defendants may be required to collect the cost of collecting and disposing of garbage from the persons who are by law required to pay the same.

A demurrer was filed to this bill and from an order sustaining that demurrer without leave to amend, and dismissing the bill, the plaintiff appeals here.

The appellant attacks the constitutionality of the new act. Of course, a statute will not be construed so as to render it unconstitutional when it is open to a construction, fair, reasonable, and wholly consistent with the Constitution. *Parlett Co-operative, Inc. v. Tidewater Lines,* 164 Md. 405, 421, 165 A. 313. A duly enacted statute is presumed to be constitutional and the courts have always been reluctant to defeat the will of the Legislature by declaring such legislation void, if by any construction it can possibly be maintained. *Pressman v. State Tax Commission,* 204 Md. 78, 102 A. 2d 821.

The plaintiff contends that the words in Section 238(A) "service charges to be made to each household or commercial unit for the removal of garbage" mean that persons who live in the houses shall pay the tax and not the owner. The preposition "to" as used in the connection here is defined in Webster's New International Dictionary, Second Edition, as "indicating that which is in position of contact, continuity, proximity, connection." From the section as a whole it is evident that the Legislature established a system for determining the proportionate amount of the garbage assessment. Also the statute is to be read as a whole to determine its meaning and the provision that the "service charges shall be levied and collected as county taxes now are" indicates that the charge is levied against the real estate and therefore must be paid by the owner. The owner pays the real estate taxes on the houses and and those taxes pay for police and fire protection for the tenants. The owner could hardly contend that his tenants should pay those taxes.

By Section 238, which was repealed, the garbage removal

charge was designated as a special tax and based upon the assessed valuation of property in each garbage collection zone, and was not reasonably proportionate to the garbage service received. Under the new enactment Section 238(A), *supra,* the charge for garbage collection is made a special charge to pay the cost of benefits received in a taxing district not enjoyed by the general public in the county. The fact that the charge is levied and collected as county taxes does not in terms make the charge a tax, but merely provides for the manner of collection. *St. Paul Building Co. v. Baltimore,* 149 Md. 685, 688, 132 A. 51. This special charge differs from ordinary taxes in that the owner of the property who pays ordinary taxes is not supposed to receive any equivalent for his taxes except the common benefits of government. "On the other hand, the owner of property who pays a legal assessment receives, in theory, an equivalent, in the form of an increase in the value of his property, for all he pays by way of assessment." *Leser v. Wagner,* 120 Md. 671, 678, 87 A. 1040. In that case it was held that an assessment upon abutting property owners for the cost of paving the sidewalk was valid, and of public benefit, as well as local advantage to such owners, though they may object to the improvement and that the assessment was free from constitutional objections.

In *Sanitary Commission v. Noel,* 155 Md. 427, 142 A. 634, cited by the appellee, special assessments were made for sewerage, water and a drainage system. This Court held in that case that the Legislature had the power to classify properties in a special district to defray the cost of a benefiting improvement, and that its decision was final, in the absence of a showing of arbitrary action and plain abuse of power. The garbage collection here has been determined by the Legislature to be beneficial to the properties in this zone. Under the act a separate account is kept of the cost of garbage collection in each zone, and such cost is apportioned according to the number of household units in that zone. According to the allegations of the bill the owner was charged, in 1956, $396.40 for garbage collection from thirty houses or approximately $13.21 for each house for one year, or approximately $1.10 per month. The result of this assessment is that areas containing

more than one household unit and therefore requiring more service, pay a proportionately greater assessment. This assessment, therefore, acts equally and is uniformly applied. The appellant does not argue that he is overcharged but only that the charge is wrong.

In such a congested area it could hardly be argued that the value, and chances for rental, of residential properties are not increased by a public garbage disposal system. Lack of such a facility could reasonably become a menace to the health of the community and affect the rental value. Appellant argues that some of his tenants may move away and that he would lose the rentals. His bill of complaint alleges that the houses are rented. There is more likelihood that they will remain rented with garbage disposal, than without.

The appellant further contends that he should have had notice of the imposition of the charge before he received his 1954 and subsequent tax bills. He relies on Code, 1951, Article 81, Section 28 (a) (4), which provides that before any new assessment is made against any person he shall be given written notice thereof, appointing a day for such person to make answer thereto. As we have hereinbefore held that this is a legal charge and not a tax levy, Section 28 (a), *supra,* does not apply in the instant case. We know of no provision which requires notice for such charge. Compare *Casey Development Corp. v. Montgomery County, Maryland,* 212 Md. 138, 129 A. 2d 63. The order sustaining the demurrer will be affirmed.

*Order affirmed, with costs.*