MILLER *et al. v.* WOLFE, *Clerk.*

*(Knoxville.* September Term, 1905.)

1. **INHERITANCE TAX.** Six years statute of limitation does not apply to.

   Chapter 24, Acts of 1885, which bars the collection, and extinguishes the lien, of property, privileges and poll taxes after six years from the first of January of the year for which such taxes accrued, has no application to collateral inheritance taxes.

   Acts cited and construed: 1885, ch. 24; 1893, ch. 174.

   Case cited and approved: Zickler v. Union Bank & Trust Co., 104 Tenn. 277.

   Case cited and distinguished: State v. Alston, 94 Tenn., 674.

2. **SAME.** Suit for, barred after five years.

   Collateral inheritance taxes are barred, and presumed to have been paid, unless sued for within five years after they are due and demandable.

   Act cited and construed: 1893, ch. 174.

3. **SAME.** Same. Applies to all actions for inheritance taxes.

   The limitation of five years is not confined in its application to purchasers of real estate from persons liable for the tax, but constitutes a general limitation in all actions for inheritance taxes.

---

FROM HAWKINS.

---

Appeal from Circuit Court of Hawkins County.—A. J. TYLER, Judge.

J. O. PHILLIPS and S. F. POWELL, for Miller *et al.*

A. T. BOWEN, for Clerk.

———

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought in the county court of Hawkins county to recover an inheritance tax, and after a final disposition was made of it there the cause was appealed to the circuit court of the county. In that court judgment was rendered against the plaintiffs in error for the amount of the tax claimed and interest, $866, from which judgment an appeal was prayed and prosecuted to this court.

The only questions made here arise upon the statute of limitations; the action having been instituted more than six years after, the claim accrued.

It is first insisted that chapter 24, p. 71, Acts 1885, applies. That statute provides that "all State, county, school, railroad, and municipal taxes, assessed on property, and all State, county, or municipal privilege taxes, and all poll taxes that hereafter fall due shall be barred, and any lien for such taxes canceled and extinguished, unless the same are collected, or suits for the collection shall have been instituted within six years from the first of January of the year for which such taxes accrued."

It is insisted that, inasmuch as the inheritance tax is a privilege tax (*State* v. *Alston*, 94 Tenn., 674, 681, 30 S. W., 750, 28 L. R. A., 178), it falls within the direct terms of the act. We think, however, that a conclusive answer

to this position is to be found in the fact that our inheritance tax law (Acts 1893, p. 347, c. 174) created a peculiar system, which the legislature intended should stand apart, separate, and distinct from the current of our general tax laws. *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn., 277, 57 S. W., 341. The inheritance tax law was not passed until long after the act of 1885, and, having been so obviously intended by the legislature to operate as a distinct system, we would not be justified in extending the provisions of the act of 1885 to it by construction. The correctness of this position is emphasized by the fact that the act of 1893 itself contains a section which provides for a limitation of actions brought for the recovery of demands arising thereunder.

It is next insisted that the limitation contained in the section last referred to bars the present action.

That section reads as follows: "Sec. 19. . . . The lien of the collateral inheritance [tax] shall continue until the tax is settled and satisfied: Provided, that the said lien shall be limited to the property chargeable therewith; and provided further, that all collateral inheritance tax [es] shall be sued for within five years after they are due and legally demandable, otherwise they shall be presumed to have been paid, and cease to be a lien as against any purchaser of real estate."

It is insisted for the State that the last clause so confines the limitation as to admit of its application only to purchases of real estate from the person liable for the tax. We are of the opinion, however, that this is too

Miller v. Wolfe.

narrow a construction, and that the purpose of the legislature, on the contrary, was to establish a general limitation of five years in this class of cases. The language used is very broad: "All collateral inheritance taxes shall be sued for within five years after they are due and demandable, otherwise they shall be presumed to have been paid." The subsequent clause refering to the lien, which is a mere incident of the tax, could not be properly construed to cut down this broad language.

We are of opinion, therefore, that his honor the circuit judge committed error in refusing to sustain the plea interposing this special five years' limitation. The judgment must therefore be reversed, and the suit dismissed.