CITY OF KNOXVILLE *v.* R. E. LEE *et al.* ■

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

W. H. PETERS, JR., and J. PIKE POWERS, JR., for complainant, appellants.

ANDERSON & WORD, KENNERLY & KEY, NORMAN B. MORRELL, HAL. H. CLEMENTS, RODERICK D. BUSBEE, JR., for defendant, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

To the suit of the City to enforce its lien for unpaid installments past due on paving assessments levied on abutting property under Chap. 278 of Acts of 1905, the

owner plead the statute barring the collection of taxes after six years, being Chap. 24, Acts of 1885, Shan. Code, Sec. 821.

 Hearing the cause on a stipulation which reduced the issues to the sole question of the applicability of this general statute to paving assessment levies, the Chancellor sustained the plea, and the City has appealed.

The question is one of first impression in this State, and decisions in other jurisdictions have turned largely on particular statutes, or conditions. Views expressed in some of these opinions are pertinent and persuasive and will be referred to later.

Based (1) on the common-law rule that the State is never barred by limitation statutes unless expressly so provided, (2) insisting that paving assessment levies, while in a sense a form of taxation, belong to a distinct and independent classification from general taxes, differing essentially and fundamentally therefrom, and (3) relying on the rule of construction *expressio unius est exclusio alterius,* counsel for the City stress the language of the statute, which reads as follows:

"An Act to Regulate the Time of Collection of Taxes.

Section I. Be it enacted by the General Assembly of the State of Tennessee, That all State, School, County, Railroad and municipal taxes assessed on property, and all State, County or municipal privilege taxes, and all poll taxes that hereafter fall due shall be barred and any lien for such taxes be cancelled and extinguished unless the same are collected or suits for the collection shall have been instituted within six years from the first of January of the year for which such taxes accrued.

"Section II. Be it further enacted, That it shall be the duty of the Court in which proceedings concerning

the collection of taxes, may be brought where the same shall be barred, under the provisions of the first section of this Act, when this statute is pleaded and the truth of the plea appears to the satisfaction of the Court to dismiss the cause, and order that the officer having the respective tax books in charge enter thereon opposite the name of the taxpayer a memorandum of the judgment of the Court.

"Section III. Be it further enacted, That this Act take effect from and after its passage, the public welfare requiring it."

It will be observed that the caption is, "An Act to regulate the time of collection of taxes." The statute in its body enumerates three classes of taxes, (1) State, County and Municipal, assessed on property, that is, *ad valorem* taxes (2) privilege, and (3) poll taxes. The argument is that paving levies on abutting property are not expressly included. This is sound, if such levies are not within the definition of "municipal taxes assessed on property."

Looking to the language of the Act of 1905 authorizing such assessments, it is significant that they are not described as "taxes," but that, on the contrary, a distinction appears to be recognized between such "special levies or assessments"—the descriptive phrase running through the act—and general taxes. For example, it is provided that, "such *special levy* shall be payable to the proper official of said city or town to whom *general taxes* are paid." And again, "payment of *such levies* or assessments . . . may be enforced . . . as the payment of *taxes* is now enforced," etc. The theory of distinctive classification thus finds support.

Constitutional authority for such levies was first recognized in this State in *Arnold* v. *Knoxville*, 115 Tenn., 195, and the validity of the Act of 1905 was therein upheld on the ground that while a species of taxation they belong to a classification so fundamentally distinctive as to be "not taxes within the sense of the constitution (Art. 2, Sec. 28) requiring all property to be taxed according to value." All of the three forms of taxes enumerated in the limitation statute of 1885 are subject to the uniformity and equality requirements of our Constitution. This is significant.

Says Mr. Justice WILKES in the Arnold case, "while special assessments are in the nature of taxation, still they are not taxation for general Governmental purposes, in the sense provided for in the Constitution. They are different in many respects." Emphasizing one of these differences, he says, "special assessments are based upon the theory that property assessed will be specially benefited thereby above the benefits received by the public at large."

Baldwin's Bouvier defines the word tax as "a pecuniary burden imposed for the support of the Government." In connection with this general definition, and as particularly pertinent to the question now under consideration, it is said that "taxes are not debts, nor do they embrace local assessments," citing authorities. Further on it is said that "municipal assessments made for local improvement, though resting for their foundation upon the taxing power, are distinguishable in many ways from taxes levied for general State or municipal purposes." Illustrating the distinction this authority calls attention to the holdings that assessments for street improvements are not a tax within an agreement by a tenant to pay

"taxes." *DeClercq* v. *Barber Paving Co., 167* Ill., 215, is cited, and looking to the opinion in that case we find the statement that "there is a clear and manifest distinction between a tax and a special assessment. A tax is imposed for a general or public purpose. It is levied for the purpose of carrying on the Government. It is a charge on lands and other property which lessens their value, and in the proportion in which the owner is required to pay is his pecuniary ability diminished. This is the sense in which the term 'taxation' is used and understood. On the other hand, a special assessment contains none of the distinctive features of a tax. It is assessed or levied for a special purpose, and not for a general purpose. It is not a charge on property which reduces its value. The assessment is made in the ratio of advantages accruing to the property in consequence of the improvement. In no case can the assessment exceed the advantages accruing to the property assessed. It is therefore regarded but an equivalent or compensation for the increased value the property will derive from the improvement the assessment is levied to discharge."

The excerpt above quoted brings out quite clearly a fundamental distinction. All of the three forms of taxes set forth in the Act of 1885 "are imposed for a general or public purpose." The power to levy special assessments rests on assumed special benefits.

We find the distinction above mentioned very clearly recognized and emphasized quite generally.

In *City of New London* v. *Miller,* 60 Conn., at page 116, the Court says: "We have spoken of the assessment for benefits as a kind of taxation. The statement is correct to this extent, that the authority to lay special assess-

ments for benefits is found in the taxing power of the Legislature. It would, however, be improper to say that an assessment for benefits is ordinarily included in the terms 'taxes' or 'taxation.' It is not. 'It is never so spoken of in the charters of cities or boroughs, or in the general law, or in popular speech.' Taxes are the regular, uniform and equal contributions which all citizens are required to make for the support of the government. An assessment for benefits may lack each of these qualities and yet be valid. 'It is a local assessment, imposed occasionally, and upon a limited class of persons interested in a local improvement' and is uniform only in that it is supposed to give an added value to the property of each person assessed to the full amount of the assessment.''

In *Zable* v. *Louisville Orphans' Home,* 92 Ky., 89, the head note reads, ''The word 'taxes' does not include local assessments unless there be something in the statute in which it is found to indicate such an intention.''

In an opinion by Chief Justice HOLT, in which it is held that a provision in the charter of a corporation exempting its property from ''all taxation by State or local laws for any purpose whatever'' does not exempt the corporation from local assessments for street improvements, the learned writer sustains the view expressed in the head note quoted. Referring to many authorities he quotes, among others, from Cooley on Taxation (2nd Ed.) 650, the following: ''While these local assessments are levied under a taxing power, they are not taxes in the ordinary understanding of that term,'' etc. He quotes Burroughs on Taxation, page 461, to the effect that the word tax or taxes in a statute does not include local assessments unless there is language in the statute

which indicates such an intention. See *Austin* v. *Seattle*, 2 Wash., 667, and our recent case of *City of Athens* v. *F. R. Dodson, et al.*, 154 Tenn., 469.

In the recent case of *Staley* v. *Medford*, 2 Fed. (2d) 314, cited on the brief of counsel, a suit involving the application of an Oregon six-year limitation statute—the Court said: "The section cannot, by the utmost stretch of the rules of statutory interpretation, cover assessments for local improvements in cities and towns. They are not levied upon the properties designated by the act, nor within the sense or purpose thereof. They are special assessments authorized by the municipality and not in pursuance of the general system provided for the levy and collection of taxes." The section of the Oregon statute under consideration, by its terms included "all taxes heretofore or hereafter levied by any town, city, county, school district, road district, port, or other municipal taxing agency or district of the State of Oregon,"— terms certainly as all inclusive as those of our Act of 1885.

Other consistent and more or less pertinent cases cited on the brief are *New York City* v. *Colgate*, 12 N. Y., 120; *Horn* v. *City of Charleston*, 91 W. Va., 73; *Hartford* v. *Bank*, 79 Conn., 38; *Gould* v. *Mayor*, 59 Md., 378; *Dickinson* v. *City of Trenton*, 35 N. J. Eq., 416.

While these cases are not directly decisive of the question before us, through all of them runs the recognition of the essential and fundamental distinction heretofore pointed out, furnishing support for independent classification of special assessments. Also see 5 McQuillen Mun. Corp., Sec. 2142, p. 4547; 28 Cyc., p. 1230, and Note 98, with cases cited under heading "Applicability of General Statutes of Limitation."

The learned Chancellor, apparently recognizing that the question was a close one, suggests reliance upon the rule of construction which favors the taxpayer, but this is probably off set by the rule that statutes do not affect governmental rights without express provisions evidencing such intention, this rule being founded on the principle of public policy that the property and rights vested in the Government for the benefit of the whole community should not be dependent upon the negligence or bad faith of the agents or officers to whom the conduct of public business must necessarily be entrusted. *Elliott* v. *Williamson,* 79 Tenn., 38, 42. And see *Cumberland Lodge* v. *Nashville,* 127 Tenn., 258, 259.

Counsel for the appellee call attention to the clause in the Act of 1905, which provides for the enforcement and collection of these special levies or assessments, in the same manner, "as in the case of sale for ordinary taxes of such city or town," and suggest that this indicates a purpose on the part of the Legislature to classify these special levies with ordinary, taxes. As already indicated, we are inclined, on the contrary, to the view that the recognition of a distinction is here indicated.

We find it unnecessary to discuss the applicability of the general ten-year statute of limitations which, as we understand the briefs, counsel concur in holding to be without application. Suit was brought on the claim herein before the expiration of ten years.

For the reasons set forth in this opinion the learned Chancellor was in error in sustaining the plea based on the Statute of 1885 barring actions to recover general taxes, and the decree is reversed and judgment will be entered here in favor of the City of Knoxville.