CITY OF KNOXVILLE *v.* GERVIN *et al.*

(*Knoxville*, September Term, 1935.)

Opinion filed January 14, 1936.

·CHARLES A; MORSE and CHARLES R. MORSE, of Knoxville, for appellants, W. A. Gervin et al.

W. H. PETERS, JR., and NEAL B. SPAHR, both of Knoxville, for appellee, City of Knoxville.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The city of Knoxville brought suit in the chancery court to enforce its lien for unpaid street paving assessments levied on abutting property by municipal ordinances enacted under the authority of chapter 278 of the Acts of 1905. The bill, filed on April 20, 1935, did not aver the time when the lien was created, nor when the city's cause of action accrued.

The defendants, property owners, filed a plea averring that the cause of action accrued on July 11, 1924, more than ten years prior to the filing of this suit, and was therefore barred by the statute of limitations contained in section 8601 of the Code.

The city of Knoxville thereupon filed a replication to the plea, which "joined issue on the plea" and, at the same time, "set said plea down for argument." Prior to the hearing upon the plea, certified copies of mu-

nicipal ordinances were filed, and for the purposes of this appeal the facts have been stipulated. From these ordinances and from the stipulation, the following relevant facts appear:

Pursuant to chapter 278 of the Acts of 1905, the city of Knoxville enacted an ordinance creating "improvement district No. 198," which includes the property involved in this cause. This improvement district was created after a petition signed by more than two-thirds of the property owners of the district had requested that certain street improvements be made. Under the terms of the statute, two-thirds of the cost was to be borne by special assessments constituting a lien against the property "until the same are paid and discharged." Section 18.

By an ordinance enacted on June 24, 1924, and effective on July 11, 1924, the special assessments, including those involved in this cause, were approved and confirmed. This ordinance contained the following provisions:

"Section 3. That the said assessments levied against the said lots shall be paid by the owners thereof in five (5) equal installments, and the first annual installment shall be on the date of the final passage and approval of this Ordinance and shall become delinquent 90 days thereafter and the remaining four installments shall become due annually thereafter, respectively, and each installment shall bear interest to run from the date of the final passage and approval of this ordinance, and the same shall be paid annually, but the owner of any of said lots may at his option pay the entire assessments with accumulated interest levied against his lot at the time of the passage and approval of this ordinance or at any time thereafter."

On the hearing upon the plea, the chancellor entered a decree finding ''the issue on said plea in abatement in favor of the complainants and against the defendants'' and disallowing ''the said plea in abatement.'' The defendants excepted and prayed an appeal to this court, which was granted.

The question presented is whether or not the statute of limitations contained in section 8601 is applicable to a suit by a municipality to enforce its lien for special assessments duly authorized and levied by statute. Section 8601 is a part of the general statutes of limitations and, in so far as material to this suit, it provides that ''all other cases not expressly provided for, shall be commenced within ten years after the cause of action accrued.'' Section 8592, also a part of the general statutes of limitations, provides that ''all civil actions, other than those for causes embraced in the preceding article, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided.''

The claim that statutes of limitations are inapplicable to municipalities rests upon the insistence that a municipality is an arm of the state, i. e., is the government, and that time does not run against the sovereign. However, the claim of sovereignty on behalf of counties and municipalities has never been recognized as being co-extensive with the sovereignty of the state itself. For example, in *U. S. Fidelity & Guaranty Co.* v. *Rainey,* 120 Tenn., 357, 113 S. W., 397, this court held that the state in the collection of its revenue is entitled to preference and priority as an incident to its sovereignty, while such right of priority is denied to counties and municipalities.

See, also, *Maryland Casualty Co.* v. *McConnell,* 148 Tenn., 656, 257 S. W., 410; *Cannon County et al.* v. *McConnell et al.,* 152 Tenn., 555, 280 S. W., 24; *University of Tennessee* v. *People's Bank,* 157 Tenn., 87, 6 S. W. (2d), 328.

In the case of *Memphis* v. *Looney,* 68 Tenn. (9 Baxt.), 130, this court held that taxes assessed by a municipality for the public benefit stand like taxes assessed by the state and quoted approvingly the following rule laid down by Dillon in his Law of Municipal Corporations:

"Municipal corporations, as we have seen, have in some respects a double character—one public, the other (by way of distinction) private. As respects property not held for the public use or upon public trusts, and as respects contracts and rights of a private nature, there is no reason why such corporations should not fall within limitation statutes and be affected by them. For example, in an action on a contract or for a tort, a municipal corporation may plead or have pleaded against it the statute of limitations. But such corporation does not own and cannot alien public streets or places, and no laches on its part or on that of its officers can defeat the right of the public thereto."

Substantially the same rule is laid down by other text authorities, except when such writers approve a rule applying statutes of limitations to municipal corporations and not extending the principle of sovereignty in this respect to political subdivisions of the state. McQuillin Municipal Corporations, sec. 2489; 17 Ruling Case Law, pp. 973, 974; 37 Corpus Juris, pp. 715, 716.

We are content to adhere to the rule approved in *Memphis* v. *Looney, supra,* and to apply it in the present case. The general statutes of limitations contain a

provision (section 8579 of the Code) that the statutes of limitations "do not apply to actions brought by the State of Tennessee, unless otherwise expressly provided." The enumeration of exceptions to a general statutory provision excludes by necessary implication all other exceptions. *National Life & Accident Ins. Co.* v. *Dempster,* 168 Tenn., 446, 454, 79 S. W. (2d), 564; *Evans* v. *McCabe,* 164 Tenn., 672, 679, 52 S. W. (2d), 159, 617; *Burns* v. *City of Nashville,* 132 Tenn., 429, 178 S. W., 1053; *Lewis' Sutherland Statutory Construction,* sec. 494. Clearly, municipalities are not excepted from our statutes of limitations and their claim to exemption therefrom must rest upon the exercise by them of a sovereign function in the matter involved.

This court has held that special assessments while in the nature of taxation are not taxes within the meaning of article 2, section 28, of the Constitution [*Arnold* v. *Knoxville,* 115 Tenn., 195, 90 S. W., 469, 3 L. R. A. (N. S.), 837, 5 Ann. Cas., 881]; that special assessments are not taxes within the meaning of the statute barring the collection of taxes after six years [*City of Knoxville* v. *Lee,* 159 Tenn., 619, 21 S. W. (2d), 628]; and that ordinary remedies for the collection of taxes are not available for the enforcement of special assessments [*City of South Fulton* v. *Parker,* 160 Tenn., 634, 28 S. W. (2d), 639].

We have very recently held that the obligation to keep and maintain its streets is one cast upon a municipality in its corporate capacity and that in the performance of this obligation it does not act as a governmental agency of the state which created it. *Shepherd* v. *City of Chattanooga,* 168 Tenn., 153, 155, 76 S. W. (2d) 322.

From these holdings, we think the conclusion necessarily follows that in the enforcement of its lien for special assessments a city is asserting a right in its corporate capacity, so that it may have pleaded against it the statutes of limitations. Such right is, of course, not strictly contractual, but a special assessment levied, as this one was, under a statute requiring the request of two-thirds of the property owners in a district and thereafter requiring the approval of the city is analogous to a contractual right of the municipality which, under the rule of Judge DILLON, falls within the statutes of limitations.

Opinions of this court relied upon by counsel for the city are not inconsistent with the conclusion we have reached.

*Sims* v. *Chattanooga*, 70 Tenn. (2 Lea), 694, held that the statute of limitations will not run against the right of a municipal corporation to remove obstructions from its public streets. The authorities are generally agreed that the title to public streets which have not been abandoned cannot be acquired by adverse possession and that in asserting title to public property a municipality is acting as a governmental agency of the state. Hence, *Sims* v. *Chattanooga* is consistent with the rule laid down by Judge DILLON and heretofore approved by this court.

*Elliott* v. *Williamson*, 79 Tenn. (11 Lea) 38, held that the general statute of limitations is no defense to the enforcement of its taxes by a municipality. Obviously, in levying and collecting taxes, a municipality is asserting a prerogative of sovereignty. Its taxes are no more barred by a general statute of limitations than the state's taxes.

*Hamblen County* v. *Cain,* 115 Tenn., 279, 89 S. W., 103, holds that an action against a clerk to require him to pay certain funds into the county treasury may be defeated by a plea of the statute of limitations. The funds were sums due to witnesses and others, which had been collected by the clerk and were unclaimed. The opinion states that statutes of limitations do not run against a county when seeking to enforce a demand arising out of the exercise of its governmental functions as an arm of the state. However, as heretofore stated, we have held in *Shepherd* v. *City of Chattanooga, supra,* that the obligation of a city to maintain its streets is a corporate obligation which it does not perform as a governmental agency.

*Knoxville* v. *Lee,* 159 Tenn., 619, 21 S. W. (2d), 628, merely decided that special assessments are not taxes within the meaning of the statute barring the collection of taxes. The court did not pass upon the question of the applicability of the ten-year statute of limitations because the right of action in that case had not existed for ten years or more.

On behalf of the city the contention is made that section 8601, barring after ten years "all other cases not expressly provided for," cannot apply to the present suit to enforce the lien for special assessments. It is said that section 8601 is a part of the article of the Code limiting "actions other than real," and that the present suit is "a real action" to which none of the statutes of limitations contained in sections 8582-8591 of the Code are applicable. We are of the opinion that the limitation contained in section 8601 for "all other cases not expressly provided for" establishes a bar to all suits not

specifically mentioned, whether such suits be "real actions" or otherwise.

■■ It is also said that no statute of limitations is applicable to this suit because section 18 of chapter 278 of the Acts of 1905, under the authority of which these special assessments were levied, provides that such assessments shall constitute a lien "until the same are paid and discharged." We are of opinion that this language is not to be construed as making perpetual a lien which, in the absence of such language, would have been subject to the statute of limitations. It is clear that either payment or discharge would extinguish the lien. The word "and" is frequently construed as meaning "or." *State* v. *White,* 132 Tenn., 203, 207, 177 S. W., 478. These words are interchangeable in the construction of statutes when necessary to carry out the legislative intent. *Ransom* v. *Rutherford County,* 123 Tenn., 1, 23, 130 S. W., 1057, Ann. Cas., 1912B, 1356; *Bird* v. *State,* 131 Tenn., 518, 527, 175 S. W., 554, Ann. Cas. 1917A, 634; *Smith* v. *Haire,* 133 Tenn., 343, 349, 181 S. W., 161, Ann. Cas., 1916D, 529. The word "and" between the words "paid" and "discharged" was apparently used in the sense of "or."

The decisions of other jurisdictions in nearly every case have turned upon the controlling language of statutes. In some states statutes expressly provide that municipalities shall be, or shall not be, subject to statutes of limitations. In some states there are statutes specially applicable to special assessments. Among the decisions holding a general statute of limitations applicable to special assessments, the following may be cited: *Kirwin* v. *Nevin,* 111 Ky. 682, 64 S. W. 647; *City of Covington* v. *Patterson,* 191 Ky., 370, 230 S. W., 542, 543; *City*

*of St. Louis, to Use of Deppelheuer,* v. *Newman,* 45 Mo., 138; *St. Louis County ex rel. Scott* v. *Martin Planing Mill Co.,* 228 Mo. App., 1048, 58 S. W. (2d), 769; *Glover* v. *Storrie,* 18 Tex. Civ. App., 6, 43 S. W., 1035; *City of Cisco* v. *Varner* (Tex. Civ. App.), 8 S. W. (2d), 311; *Town of Morgantown* v. *Avery,* 179 N. C., 551, 103 S. E., 138; *City of Galveston* v. *Guaranty Trust Co. of New York,* 107 F., 325, 46 C. C. A., 319, *certiorari* denied 183 U. S., 695, 22 S. Ct., 932, 46 L. Ed., 394.

Only one case to which our attention has been directed holds that the lien of special assessments is perpetual and is subject to no limitation period. Such was the holding in *City of Hartford* v. *Mechanics' Savings Bank,* 79 Conn., 38, 63 A., 658.

In this state, as is now the case generally, the statutes of limitations are looked upon by the courts with favor as statutes of repose. *Cocke* v. *Hoffman,* 73 Tenn. (5 Lea), 105, 112, 40 Am. Rep., 23. Section 8592 of the Code evinces a legislative purpose and intent to prescribe a bar for all suits, whether specifically mentioned or not. *Blackwell* v. *R. R.,* 124 Tenn., 516, 137 S. W., 486; *Scott* v. *Wagstaff,* 120 Tenn., 252, 258, 107 S. W., 976; *Ballard* v. *Scruggs,* 90 Tenn., 585, 588, 18 S. W., 259, 25 Am. St. Rep., 703; *Hughes* v. *Brown,* 88 Tenn., 578, 589, 13 S. W., 286, 8 L. R. A., 840. With reference to section 8601, Mr. Justice LURTON, in *Alvis* v. *Oglesby,* 87 Tenn., 172, 180, 10 S. W., 313, 316, said:

"But to cover all contingencies the pregnant words are added, 'and all other cases not expressly provided for, within ten years after the cause of action accrued.' These words cannot be stricken from the statute. These words, taken in connection with the opening section of

the article in which both are found, that 'all civil actions, other than those for causes embraced in the foregoing article, shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided,' . . . indicate a legislative purpose and intent to prescribe a bar for all suits, whether specifically mentioned or not.''

As part of the legislative purpose to prescribe a bar for all suits, chapter 24, section 1, of the Acts of 1885 (now section 1494 of the Code), was enacted. This act provides that all state, county, school, and municipal taxes, whether property taxes, privilege taxes, or poll taxes, shall be barred unless sued for in six years. It would be an extraordinary result if the statutes were held to provide some period of limitation for all forms of taxation and for all other actions of every kind, except special assessments, and to leave untouched suits to enforce liens for special assessments.

We therefore hold that a suit by a municipality to enforce the collection of special assessments is subject to the limitation of ten years provided by section 8601 in "all other cases not expressly provided for.'' This provides for the lien of special assessments the same period of limitation that is fixed for equitable liens on realty or liens of mortgages, etc., by section 8590 of the Code, a lien to which the one sued on is very analogous —indeed, so similar that some courts have said a statute barring mortgage liens is applicable to special assessments. See *Horn* v. *Charleston,* 91 W. Va., 73, 112 S. E., 239; *Mayor, etc., of New York* v. *Colgate,* 12 N. Y., 140; *Dickinson* v. *Trenton,* 35 N. J. Eq., 416, 418.

While we hold that the limitation of section 8601 is applicable to a suit to enforce the lien of special assess-

ments, it does not follow that all of the city's claim is barred. Chapter 278 of the Acts of 1905 authorized the city to make the levy or assessment, payable in not less than five nor more than ten equal annual installments, the first installment to become delinquent ninety days after the date of such levy and the subsequent installments to become delinquent "annually thereafter." The statute provided that the assessment should draw interest from the time of the levy. The statute authorized the property owner "at his option" to pay the entire amount at such time as any installment became due.

Pursuant to chapter 278 of the Acts of 1905, the city levied the special assessments by ordinance, which provides that the assessments should be paid in five equal installments, that the first annual installment should be due on the effective date of the ordinance (July 11, 1924), becoming delinquent ninety days thereafter, that the remaining four installments should "become due annually thereafter," that each installment should bear interest, and that the property owners might pay the entire assessment with accumulated interest at any time.

Section 8601 by express provision does not begin to run until "after the cause of action accrued." This means that the statute did not begin to run until such time as suit might have been maintained to enforce the lien. The city might have maintained suit for the first installment from and after the time when it became delinquent, i. e., ninety days after July 11, 1924. The cause of action for this first installment accrued more than ten years prior to the filing of suit, which was commenced on April 20, 1935; and, therefore, the first installment is barred by section 8601.

Under the statute and the ordinance, the second installment did not become due until July 11, 1925; hence, it and the succeeding installments had not been due (and *a fortiori* had not been delinquent) for ten years at the time suit was commenced. As regards the second and subsequent installments, the suit was brought to enforce the lien before the expiration of ten years, and as to these four installments, the suit is not barred. Obviously, the option given the property owner to pay the entire indebtedness at any time cannot affect the right of the city which was given no power to demand payment or to enforce the lien prior to the time when a particular installment became delinquent.

Cases cited by counsel for the property owner dealing with statutes providing that failure to pay an installment when due makes all future installments due at once, clearly have no application. Chapter 278 of the Acts of 1905 contained no such provision. The only optional payment provided for by this statute was an option given the property owner.

To avoid the conclusion that the second and subsequent installments are not barred, counsel for the property owners rely upon chapter 348 of the Private Acts of 1925, a general statute providing for special assessments in the city of Knoxville. Chapter 348 of the Private Acts of 1925 provides in section 19 that "failure to pay any installment of principal and interest of any assessment when such installment shall become due shall without notice or other proceedings, cause all installments of principal remaining unpaid to be forthwith due and payable, with interest thereon." It is argued that the special assessments levied under ordinance enacted pur-

suant to the Act of 1905 are controlled by chapter 348 of the Private Acts of 1925.

This contention must be rejected. The later act, chapter 348 of the Private Acts of 1925, was a new and complete scheme of legislation. It did not purport to amend the Act of 1905, nor did it purport to be retroactive, modifying the terms of assessments theretofore provided for. The respective rights and duties of the parties to this suit, as regards the special assessments involved in this cause, were determined by chapter 278 of the Acts of 1905 and the municipal ordinance enacted under the authority of that act. The city was given the right to enforce payment of five installments upon specified dates. The city was given no right to enforce or collect any installment prior to the date when such installment became due. Four of the five installments had been due for less than the statutory period at the time suit was instituted. Section 19 of chapter 348 of the Private Acts of 1925 has no effect whatever upon this suit.

Reversed and remanded for further proceedings consistent with this opinion. The appellants will pay the costs of this appeal.