CITY OF KNOXVILLE *v.* KEITH *et al.*

(*Knoxville*, September Term, 1944.)

Opinion filed December 2, 1944.

NORMAN B. MORRELL, of Knoxville, for appellant Hatcher.

WAYNE PARKEY and J. P. BROWN, both of Knoxville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit to enforce liens for unpaid paving assessments. One of the original defendants, Anna Mae Hatcher, appeals from a decree of the Chancellor overruling her plea of the statutes of limitation and adjudging liability for the unpaid assessments.

Acting under the authorizing provisions of Chapter 348 of the Private Acts of 1925, the City created an "Improvement District" in 1929, within which appellant's property was included. The resolution by which this Improvement District was created was passed by the City on its first reading on July 17th, 1928, and on its final reading on November 5th, 1929. The original bill was not filed until June 18th, 1943. However, two Acts were passed by the Legislature which together operated to extend the time of enforcement of these liens four years.

The contention of appellant is twofold: (1) That the six year statute applicable to tax liens generally applies, and (2) that the time of the running of the statute dates from the passage on first reading of the pertinent resolution; while the City contends, and the Chancellor held, (1) that the ten year statute applies, and that (2) the time is to be computed from the final passage of the resolution, or thirty days thereafter.

In *Knoxville* v. *Gervin*, 169 Tenn. 532, 89 S. W. (2d) 348, 352, 103 A. L. R. 877, this Court held that "a suit by a municipality to enforce the collection of special assessments is subject to the limitation of ten years provided by [Code] section 8601 for 'all other cases not expressly

provided for.' '' It was noted that suits for taxes generally are expressly barred by the six year statute of limitations, but that, as decided in *Knoxville* v. *Lee*, 159 Tenn. 619, 21 S. W. (2d) 628, special assessments, such as that before us, are not "taxes" within the meaning of the statute barring the collection of taxes. And see *Arnold* v. *Knoxville*, 115 Tenn. 195, 90 S. W. 469, 3 L. R. A. (N. S.) 837, 5 Ann. Cas. 881, holding that special assessments are not taxes. In the more recent case of *Jackson* v. *Willett*, 178 Tenn. 605, 162 S. W. (2d) 367, it was the ten year statute that was invoked and which we recognized as applicable to liens for paving assessments created under a similar act.

Learned counsel for appellant say, however, that the *Gervin Case* does not control because there we were considering the earlier act of 1905, and that the Act of 1925, now before us, differs in a pertinent provision. He stresses that under the older Act, by its terms, the lien for the assessment did not fasten on the land until the final passage of the resolution, whereas by the terms of this Act the lien fastens from the inception of the proceedings, that is, the passage of the resolution on first reading. He quotes and relies on Section 19 of the Act of 1925, reading as follows:

"That said assessments shall constitute a lien upon the property so assessed from the date of the passage on the first reading of the resolution ordering the improvement, of the same nature and to the same extent as the lien for general city taxes."

It is true that the Act of 1905 did not relate the lien back as it is now provided by the language just quoted, but it is only the lien and not the right of action on the assessment that is so fixed. We are concerned here not with the "nature and extent" of the lien, but with the

time when the right of action to enforce the lien accrues, from which time the statute of limitations begins to run, by the express terms of both the six year and the ten year statutes, Code, sections 8600 and 8601. By the terms of Code, section 1494, suits for the collection of all state, county, school, and municipal taxes are barred unless brought ''within six years from the first of January of the year for which such taxes accrued.'' The time when the right of action accrues is thus fixed. Obviously, this can not be applied to paving assessments for which the City has no right of action, no right to begin suit, until ''thirty (30) days after the confirmation of the assessment.'' Section 18. It results that the holding in the *Gervin Case*, as found by the Chancellor, that it is the ten year and not the six year statute which applies to the collection of these special paving assessments continues to govern. And, as already indicated, the statute begins to run from ''thirty (30) days after the confirmation of the assessment,'' the time when the City's right of action accrued. This suit was, therefore, not barred and the judgment must be affirmed.