HAKE, COM'R OF UNEMPLOYMENT COMPENSATION, *v.*
WARREN.

(*Nashville*, December Term, 1946.)

Opinion filed January 11, 1947.

HAMMOND FOWLER, of Rockwood, and W. L. MOORE, of Nashville, for appellant.

C. VERNON HINES, of Nashville, for appellee.

MR. JUSTICE NEIL delivered the opinion of the Court.

The complainant Hake, in his official capacity as Commissioner of Unemployment Compensation, filed his original bill in the Chancery Court to recover unemployment compensation taxes for a portion of the years 1937, 1938, and 1939, and for all of the years 1940 and 1941, the total amount of said taxes and interest being $543.78.

The defendant filed a special plea of the statute of limitations, Section 1494 of the Code.

Only one witness testified in the case, he being the custodian of the records of the Department of Employment Security, who testified that the amount of taxes and interest claimed by complainant was due and unpaid.

The Chancellor held that the Six Year Statute of Limitations, as provided in Code, section 1494, was applicable and that taxes and interest for the years 1937, 1938, and

1939 were barred. A decree, however, was entered allowing a recovery for taxes alleged to be due for the years 1940 and 1941.

From the action of the Chancellor in sustaining the plea of the Statute of Limitations of Six Years, the commissioner appealed. This is the only question presented in the single assignment of error.

The learned Chancellor appears to have been influenced, and doubtless misled, by the opinion of this Court in *Guaranty Mortgage Co. of Nashville* v. *Bryant*, 179 Tenn. 579, 168 S. W. (2d) 182, 184, holding that the Unemployment Compensation Law "is a taxing statute." He also referred to *Bank of Commerce & Trust Co.* v. *Senter*, 149 Tenn. 569, 260 S. W. 144, 148, in which the Court held that an "excise tax is an indirect or privilege tax." This case dealt exclusively with the question of the constitutionality of the Excise Tax Law and not with the applicability of the Six Year Statute of Limitation. The Code, section 1494, which is pleaded in bar of complainant's suit, reads as follows:

"All state, county, school, and municipal taxes assessed on property, and all state, county, or municipal privilege taxes, and all poll taxes shall be barred, and any lien for such taxes be canceled and extinguished, unless the same are collected, or suits for the collections shall have been instituted within six years from the first of January of the year for which such taxes accrued."

Generally speaking, the statute of limitations does not run against the State. Under the foregoing Code section, however, certain taxes that are due and collectible by the State are barred unless suits for their collection shall have been instituted within six years from the 1st of January of the year for which such taxes accrued.

We think it is fundamental that a statute of limi-

tation will never run against the sovereign unless the Legislature has by law expressly authorized it. *Elliott v. Williamson,* 79 Tenn. 38. While statutes imposing a tax are strictly construed in favor of the taxpayer, a statute of limitation which bars or limits the right of the State to collect the tax is in derogation of sovereignty and must be construed in favor of the State. *Anderson v. Security Mills,* 175 Tenn. 197, 133 S. W. (2d) 478; *City of Knoxville v. Gervin,* 169 Tenn. 532, 89 S. W. (2d) 348, 103 A. L. R. 877.

The tax sought to be collected in the instant case is not a tax in the sense that it is levied for the support of the general government. It is levied and collected for a special purpose, to-wit, to pay compensation to unemployed persons who can qualify under the act to receive benefits. The taxes collected are required to be kept separate and apart from all other taxes and are deposited in a special trust fund. The Unemployment Compensation Law was designed to set up a complete system of social security, and the taxes imposed upon employers are in reality enforced contributions for the benefit of unemployed persons. Hence, these "taxes", or so-called "contributions", to unemployment cannot be even thought of as taxes for the support of the government generally.

In *City of Knoxville v. Lee,* 159 Tenn. 619, 21 S. W. (2d) 628 the question arose as to whether Code, section 1494, was applicable to a suit for the benefit of special assessments against abutting property owners. It was there held:

"Looking to the language of the act of 1905 authorizing such assessments, it is significant that they are not described as 'taxes,' but that, on the contrary, a distinction appears to be recognized between such 'special levies or assessments'—the descriptive phrase running through

the act—and general taxes. For example, it is provided that, 'such special levy shall be payable to the proper official of said city or town to whom general taxes are paid.' . . . And again, 'payment of such levies or assessments . . . may be enforced . . . as the payment of taxes is now enforced,' etc. Id. The theory of distinctive classification thus finds support.''

The Court concluded its opinion by holding that the Statute of Limitation of Six Years did not bar the right of action.

Counsel for the commissioner take the position that unemployment compensation taxes ''are in exactly the same category'' with special assessments dealt with in *City of Knoxville* v. *Lee, supra,* and *Miller* v. *Wolfe,* 115 Tenn. 234, 89 S. W. 398; that they are not collected for the purpose of financinng the general government, but are collected for one particular purpose, that being to pay unemployment compensation benefits. By analogy it is argued that there can be no reason, or logical basis, for holding that street assessments which are levied for a special purpose are not barred by Code, section 1494, and that this same section should be held as a bar to the collection of unemployment taxes, which are also levied for a special purpose.

We think a reasonable construction of the statute supports the contention of the commissioner. We think the learned Chancellor failed to make the proper distinction between taxes levied in support of the general government and taxes collected and set apart for a special purpose. The taxes or contributions sought to be collected in the instant case were not even thought of when the Statute of Limitation of Six Years was enacted in 1885. We find from an examination of the Unemployment Compensation Law that no mention is made of any

statute of limitations, and especially Section 1494, as a bar to the collection of such taxes. In this situation we are without authority to extend the provisions of the Act of 1885 Code, section 1494, by construction.

In *Miller* v. *Wolfe,* 115 Tenn. 234, 89 S. W. 398, it was contended that Code, section 1494, applies to suits for the collection of inheritance taxes levied under the Inheritance Tax Law. It was held:

"It is insisted that, inasmuch as the inheritance tax is a privilege tax (*State* v. *Alston,* 94 Tenn. 674, 681, 30 S. W. 750, 28 L. R. A. 178), it falls within the direct terms of the act. We think, however, that a conclusive answer to this position is to be found in the fact that our inheritance tax law (Acts 1893, p. 347, c. 174) created a peculiar system, which the Legislature intended should stand apart, separate, and distinct from the current of our general tax laws. *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn. 277, 57 S. W. 341. The inheritance tax law was not passed until long after the act of 1885, and, having been so obviously intended by the Legislature to operate as a distinct system, we would not be justified in extending the provisions of the act of 1885 to it by construction. The correctness of this position is emphasized by the fact that the act of 1893 itself contains a section which provides for a limitation of actions brought for the recovery of demands arising thereunder."

Counsel for the defendant earnestly contends that the two cases referred to by the Chancellor sustain his decree and that the Code section relied on is a complete bar to complainant's bill. It is argued that "there are only two kinds of taxes, namely, *ad valorem* and privilege," and since it was held in *Guaranty Mortgage & Trust Co. of Nashville* v. *Bryant, supra,* that the Unemployment Compensation Law is "a taxing statute," and since the tax

"is not an *ad valorem* tax, it must of necessity be an excise tax." The same contention was made in *Miller* v. *Wolfe, supra,* and although it was held that an inheritance tax was a "privilege tax" the act of 1885, Code, section 1494, had no application because "the inheritance tax law was not passed until long after the act of 1885." The Court refused to extend the act by construction. It is true that the Constitution of the State recognizes only two general kinds of taxation, *ad valorem* and privilege (*Bank of Commerce, etc.,* v. *Senter, supra*), and that a tax levied under the Excise Tax Law was held to be an excise or privilege tax; but it does not necessarily follow that collections made under the Unemployment Compensation Law must be adjudged to be privilege taxes, nor is the Court constrained to hold that such exactions are "excise taxes" or "privilege taxes" because of the expression in *Guaranty Mortgage. Co. of Nashville* v. *Bryant, supra,* that the Unemployment Compensation Law "is a taxing statute." The sole question made in that case was largely one of fact and the expression used by MR. JUSTICE DEHAVEN was wholly unnecessary to a correct decision of the case. Regardless of whether it is a taxing statute or one to enforce "contributions" for a special purpose, the rule is the same—that is, that the right to levy and collect "must be construed strictly against the taxing authority," or collecting authority.

While we have referred throughout this opinion to exactions made under the statute as "taxes," they should not be thought of as taxes at all, but as "contributions" for a special purpose, to-wit, to prevent economic insecurity due to unemployment. The act, Chapter 1, First Extra Session 1936, Section 6901.1 *et seq.,* of the Code, makes no mention of "taxes" but provides for the payment of employers of "contributions" to be set aside and

"used for the benefit of persons unemployed through no fault of their own."

Section 6901.9 provides that all moneys so contributed shall constitute a trust fund and the same kept "separate and apart from all public moneys or funds of this state." There can be no withdrawals except upon warrants drawn on the fund by the commissioner or his agent.

Although the name or designation given by the statute to a particular tax is not conclusive upon the Court, it is held in a number of jurisdictions to be an important factor in determining the character of the tax. In *Aberdeen Savings & Loan Association* v. *Chase,* 157 Wash. 351, 289 P. 536, 290 P. 697, 71 A. L. R. 232, it is held that "a legislative declaration of the nature of the tax is to be carefully considered and given due weight in determining the character of the imposition." See note, 51 Am. Jur., Taxation, sec. 28, p. 56, and cases cited.

The legislative declaration in the instant case as to the name and character of the exaction, and the scheme set up to relieve unemployment, justify the conclusion that the moneys collected are not public moneys derived from taxation and subject to appropriation by the Legislature. The funds thus raised are in their nature a continuing appropriation for a specific purpose. The "contributions" exacted for the creation and maintenance of this trust fund were something separate and apart from any general or specific tax law that was ever enacted by the legislature. The name of the exaction fits the purposes of this act, and cannot be considered as a tax within the scope of taxation for general governmental purposes. Since the Legislature did not write into the act any limitation of time as a bar to an action by the commissioner to

recover such contributions, we will not apply a general statute of limitations that was enacted more than a half century prior to its passage.

The assignments of error are sustained and the decree of the Chancellor is modified to allow a recovery by the complainant of the full amount sued for.