**Jane Ann WOODS, Commissioner of Revenue of the State of Tennessee and Glenn Ferguson, Trustee for the Metropolitan Government of Nashville and Davidson County, Tennessee, Appellant,**

v.

**EQUITY SERVICES, INC., Appellee.**

Supreme Court of Tennessee.

April 19, 1976.

2. Int.Rev.Code § 2016.

Donald L. Corlew, Metropolitan Atty., Nashville, for appellant.

Robert W. Sturdivant, Trabue, Sturdivant & Dewitt, Nashville, for appellee.

## OPINION

WILLIAM M. LEECH, Special Justice.

This action comes directly to this Court from an interlocutory decree overruling a motion to dismiss. The sole question is: must a taxpayer who pays municipal taxes under protest file suit for recovery of such taxes within thirty (30) days, or does he have six (6) months in which to file suit? The Chancellor held that the statute of limitations of six (6) months applied, and allowed the defendant, the Trustee of the Metropolitan Government of Nashville and Davidson County, a discretionary appeal.

Chapter 324, Public Acts of 1959, Section 1, which is codified as Section 67–2313, Tennessee Code Annotated, reads as follows:

"67–2313. *Recovery of taxes paid municipalities.*—The provisions of §§ 67–2303—67–2308, inclusive, and of §§ 67–2310—67–2312, inclusive, shall apply to the recovery of all taxes collected by any of the municipalities of this state. In order to carry out the legislative intent that all of said sections, which now apply to the recovery of state taxes erroneously paid, be conformed to apply also to the recovery of taxes erroneously paid to municipalities, the following provisions are added:

The municipal officer collecting any municipal taxes paid under protest shall pay such revenue into the municipal treasury and at the time of payment, shall give notice to the mayor and board of commissioners or other governing body of such municipality that the same were paid under protest. If it be finally determined by any court having jurisdiction of any suit brought within thirty (30) days after such payment under protest against said municipality to recover such taxes that the same were wrongfully collected as not being due from the said party to the municipality, the municipality, shall refund such taxes with such interest as the court may determine to be proper, not exceeding the legal rate, and shall pay the costs of the cause. The city attorney or other legal officer of such municipality shall conduct the defense of such suit. [Acts 1959, ch. 324, § 1.]"

Appellee, Equity Services, Inc., was for the year 1974, assessed for personal property tax by the Metropolitan Government of Nashville and Davidson County, Tennessee, and on February 28, 1975, appellee paid said tax under protest. Thereafter, on June 23, 1975, suit was brought by appellee for the recovery of the tax so paid under protest. The Metropolitan Government insists that under Section 67–2313 Tennessee Code Annotated, that suit must be instituted within thirty (30) days, and Equity Services, Inc., insists that suit may be brought at any time within six (6) months from the date of payment of the tax under protest.

There is, in our opinion, no conflict in the provisions of Section 67–2313, Tennessee Code Annotated, as to the time limit for instituting suit for the recovery of taxes paid to a municipality under protest. The first paragraph of Section 67–2313, Tennessee Code Annotated incorporates all provisions of Code Section 67–2303 through 67–2308, inclusive. Prior to 1959, and the enactment of Chapter 324, Public Acts of 1959, these sections applied only to the payment of taxes due the State of Tennessee. By the 1959 Act all of the provisions of the above sections of the Code were made to apply to taxes paid to a municipality. Thus by expressed language, Section 67–2305, which provides six (6) months in which to sue the officer collecting the tax paid under protest, is made a part of Section 67–2313 and establishes the time limit for filing suit, whether for taxes paid under protest to the

state government or a local government.[1] This legislative intent is clearly expressed in paragraph one of Section 67–2313, wherein it is stated, "In order to carry out the legislative intent that all of said sections [67–2303—67–2308, inclusive] which now apply to the recovery of state taxes erroneously paid be conformed to apply also to the recovery of taxes erroneously paid to municipalities . . .."

■ Appellant argues that since the second paragraph provides for a refund to the taxpayer in the event suit is brought within thirty (30) days after payment, and the court having jurisdiction finds that the tax was wrongfully collected, and since the 1968 amendment did not specifically mention Section 67–2313, that it was the intention of the Legislature to make a distinction between recovery of wrongfully collected taxes by a local government and the state government. Under this theory there would be a conflict in the provisions of Section 67–2313 as the first paragraph would contain the language of said code section allowing the taxpayer six (6) months in which to file suit, and the second paragraph thirty (30) days. Even if this situation existed and there was no clear legislative intent expressed in the statute, appellant's argument would fail, because where there is a doubt or conflict in a taxing statute, the doubt or conflict must be resolved in favor of the taxpayer. *See, Commercial Standard Insurance Company v. Hixson et al.,* 175 Tenn. 239, 133 S.W.2d 493 (1939); *Hake v. Warren,* 184 Tenn. 372, 199 S.W.2d 102 (1947); *Memphis Peabody Corporation v. MacFarland,* 211 Tenn. 384, 365 S.W.2d 40 (1963).

In construing this statute it is unnecessary to resort to the above rule, because the Legislative intent is clearly expressed in the statute; and any amendment to any of the code sections incorporated into the provisions of Tennessee Code Annotated, Section 67–2313 would amend that section, unless such amendment expressly excluded local governments.

The decree of the Chancellor is affirmed and the cause is remanded to the Chancery Court for Davidson County, Tennessee.

The appellant will pay the cost of this appeal.

FONES, C. J., and HENRY and BROCK, JJ., concur.

HARBISON, J., not participating.

1. Prior to 1968, Code Section 67–2305 read: "The person paying said revenue may, at any time within thirty (30) days after making said payment, and not longer thereafter, sue the said officer having collected said sum, for the recovery thereof."

By Chapter 588, Public Acts 1968, said Code Section was amended by deleting the words and figure "thirty (30) days" and substituting in lieu thereof: "six (6) months."